Kimberly Anne ULMER, Respondent,

v.

Jack O'MALLEY, Jr., Appellant.

No. 51472.

Supreme Court of Minnesota.

July 10, 1981.

■

Farrish, Johnson, Maschka & Hottinger, Mankato, for appellant.

Timothy P. Frederick, Mankato, for respondent.

SIMONETT, Justice.

Defendant Jack O'Malley, Jr., appeals from an order denying his motion to dismiss this paternity action for lack of personal jurisdiction. The motion came before the district court on the following stipulated facts. In November 1979, plaintiff Kimberly Anne Ulmer moved from South Dakota to Minnesota. Shortly after her arrival she contacted Lutheran Social Service and informed a social worker that she was pregnant and planned to put the baby up for adoption. She named defendant as the child's father and stated that she had engaged in sexual relations with him in March of 1979 in South Dakota.

To assist placement of the baby for adoption, the social worker wrote to defendant on December 3, 1979, requesting a social and medical history. The letter also requested payment of expenses for one month's foster care and explained that once the child was born a consent to termination of parental rights would be required. By letter dated December 12, 1979, a South Dakota attorney responded with the requested information and a check drawn on his firm's trust account. The letter denied paternity, stated that the biographical information was provided merely for "whatever it is worth," and characterized the

check as a donation to Lutheran Social Service.

On December 20, 1979, Ms. Ulmer gave birth to a daughter. Ten days later she decided to keep the child. In early January, the social worker wrote to the attorney informing him of the change in plans and requesting instructions regarding the check. In March, the attorney responded that the check should be treated as a donation.

On April 4, 1980, Ms. Ulmer commenced this paternity action against defendant. He was personally served with the summons and complaint in South Dakota. On May 5, 1980, defendant specially appeared and moved to dismiss the suit for lack of personal jurisdiction. Defendant has never been in Minnesota nor does he have any business or property interests here. The district court denied the motion and this appeal followed.

■ Before a Minnesota court may exercise personal jurisdiction over a nonresident defendant, two criteria must be met. First, the long-arm statute, Minn.Stat. § 543.19 (1980), must be satisfied. Second, there must exist "minimum contacts" between the defendant and this state such that assertion of jurisdiction does not offend the due process clause. We have previously considered both questions as they apply to paternity proceedings in *Howells v. McKibben*, 281 N.W.2d 154 (Minn.1979). There we held that civil proceedings to establish paternity involved tortious conduct within the meaning of the long-arm statute. Although the long-arm statute has since been amended to require that defendant commit only an "act" rather than a "tort," the change is insignificant in this context. In *Howells* we also found the nonresident defendant's contacts with Minnesota to be sufficient to satisfy due process.

■ In determining whether maintenance of suit is consistent with traditional due process notions of fairness, we have considered five factors: (1) the quantity of defendant's contacts with this state; (2) the nature and quality of the contacts; (3) the connection of the cause of action with those contacts; (4) the interest of this state in providing a forum; and (5) convenience to the parties. *Hardrives, Inc. v. City of LaCrosse*, 307 Minn. 290, 294, 240 N.W.2d 814, 817 (1976). In *Howells* we applied these factors and concluded that exercise of jurisdiction was proper. Although defendant resided in Wisconsin and the child was conceived there, the relationship that produced the child was developed in significant part in this state. Defendant telephoned and visited plaintiff at her St. Paul home on various occasions and engaged in sexual intercourse with her there. We observed that this state's interest in providing a forum for establishing paternity is strong because of the obligation of public support. Convenience did not favor requiring plaintiff to bring an action in Wisconsin since defendant lived within an hour's drive of the Minnesota forum.

■ The facts of this case are far less compelling. Defendant's relationship with the Minnesota plaintiff occurred entirely in South Dakota. The child was conceived in South Dakota and the mother moved to this state when she was approximately seven months pregnant. Defendant neither visited nor called her here. The only contacts consisted of defendant's attorney's responses to an adoption agency's requests for cooperation. Thus, *Howells* does not persuasively support, let alone require, that jurisdiction be exercised on these facts.

In our view this case is governed by *Kulko v. California Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), which held that a father's acquiescence to his daughter's desire to move to California to live with her mother and his purchase of a plane ticket for her to make that move were not sufficient contacts to permit California to entertain a support action. Similarly, in this case defendant did not initiate contact with Minnesota but merely responded cooperatively to an adoption agency's requests for assistance. We must acknowledge, as the court did in *Kulko*, that the forum state has an interest in ensuring the support of children residing within its boundaries. Nonetheless, absent some purposeful availment of the benefits of the forum such that the defendant should rea-

sonably have foreseen that he would be sued there, jurisdiction cannot be upheld. We reverse.

Reversed.

SHERAN, C. J., took no part in the consideration or decision of this case.