MAIERS LUMBER & SUPPLY, INC., and Maiers Transport & Warehousing Inc., Appellants,

v.

CHANCEY TRAILERS and/or Trail-O-Matic, Inc., Respondent.

No. C1–84–940.

Court of Appeals of Minnesota.

Sept. 18, 1984.

Kirby A. Dahl, Cold Spring, for appellants.

Frederick L. Grunke, St. Cloud, for respondent.

Considered and decided by LANSING, P.J., and WOZNIAK, and FORSBERG, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Maiers Lumber & Supply, Inc., appeals from a summary judgment dismissing its claim against respondent for lack of personal jurisdiction. Maiers contends that respondent has sufficient minimum contacts with Minnesota so that exercise of personal jurisdiction in Minnesota does not violate due process of law. We affirm.

## FACTS

Trail-O-Matic, Inc., manufactures truck trailers and does business under the name Chancey Trailers. The corporation's home offices and operations are located in Jacksonville, Florida, and it does business in Florida and the southeastern United States.

In February 1982 John Maiers of Maiers Lumber visited Trail-O-Matic's corporate office in Jacksonville. He asked that price quotations and specifications for certain trailers be sent to him at his office in St. Cloud, Minnesota. Trail-O-Matic sent a price quotation calling for delivery "F.O.B. Jacksonville."

Negotiations continued by telephone between February and May 1982. In June Maiers submitted a purchase order providing for delivery "F.O.B. St. Cloud, Minnesota." Trail-O-Matic rejected the purchase order, and negotiations continued regarding specifications, price, and delivery terms.

In August Trail-O-Matic submitted the final agreement, which called for delivery "F.O.B. St. Cloud, Minnesota." The purchase price ($61,440) had been adjusted to reflect the cost of delivery. The trailers were delivered in St. Cloud on August 21, 1982, and Trail-O-Matic accepted the final payment there of $55,440.

After using the trailers for a short time, Maiers discovered cracks in the welds and structural steel of the frames. The trailers need extensive repair to be fit for further use. Maiers sued for breach of express and implied warranties, alleging jurisdiction under Minnesota's long-arm statute, Minn.Stat. § 543.19, subd. 1(b) (1982), and obtaining service pursuant to Minn.Stat. § 303.13, subd. 1(3) (1982).

Trail-O-Matic has never advertised in Minnesota or sent agents to solicit here. The company has never sold or delivered any other trailers in the state.

## ISSUE

Does Trail-O-Matic have sufficient minimum contacts with Minnesota to permit constitutional exercise of personal jurisdiction?

## ANALYSIS

A court can constitutionally exercise personal jurisdiction over a nonresident de-

fendant if that defendant has sufficient contacts with the forum state so that "traditional notions of fair play and substantial justice" are not offended. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), the Supreme Court defined minimum contacts to mean "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at 253, 78 S.Ct. at 1240. The defendant must be able to "reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

■ Minnesota considers the following factors in determining the constitutional sufficiency of a defendant's contacts:

(1) the quantity of contacts,

(2) the nature and quality of contacts,

(3) the source and connection of those contacts to the cause of action,

(4) the interest of the forum state, and

(5) the convenience of the parties.

*See e.g. Dent-Air, Inc. v. Beech Mountain Air Service, Inc.*, 332 N.W.2d 904, 907 (Minn.1983) (applying the five-factor test set out in *Aftanase v. Economy Baler Co.*, 343 F.2d 187, 197 (8th Cir.1965)). The first three factors are primary, while the last two are less important. *Id.*

■ Trail-O-Matic's contacts with Minnesota are few. It did engage in negotiations with Maiers by telephone and mail from February through August 1982. Although negotiations and discussions that are "numerous and fairly frequent or regular" have supported personal jurisdiction in the past, *see Hardrives, Inc. v. City of Lacrosse*, 307 Minn. 290, 295, 240 N.W.2d 814, 817 (1976), those discussions have taken place in Minnesota, rather than over the telephone. Trail-O-Matic's only real contact with Minnesota was the sale and delivery of the trailers in St. Cloud.

When the quantity of contacts is minimal, as in this case, the nature and quality become dispositive. *See Marquette National Bank v. Norris*, 270 N.W.2d 290, 295 (Minn.1978). Trail-O-Matic argues that it has not availed itself of the privilege of conducting activities within Minnesota and thus has not invoked the benefits and protections of Minnesota's laws. *See Hanson v. Denckla*, 357 U.S. at 253, 78 S.Ct. at 1239. The company never advertised or solicited business here. Aside from this sale, it never transacted any other business in Minnesota. Furthermore, Maiers initiated both the original contact in Florida and the change in delivery terms to St. Cloud.

These facts are similar to those in a recent case in which the quality of contacts was insufficient to support jurisdiction. In *Dent-Air, Inc. v. Beech Mountain Air Service, Inc.*, a Minnesota resident telephoned a North Carolina resident and traveled to North Carolina to execute airplane leases. When the Minnesota resident and his assignee sued here for breach of the lease agreements the court found the contacts insufficient to support jurisdiction. *Dent-Air, Inc.*, 332 N.W.2d at 908–09. One significant factor in the decision was that the Minnesota resident had solicited the contract and induced the transaction. *Id.* at 908.

The third primary factor, the source and connection of Trail-O-Matic's contacts with the cause of action, runs in favor of exercising jurisdiction because the cause of action arises directly from the contract. *See e.g. Dent-Air, Inc.*, 332 N.W.2d at 908. This is true, however, in every contract dispute with a nonresident.

The fourth and fifth factors weigh equally for both parties. Neither side has advanced a compelling reason to exercise or decline jurisdiction because of forum interest or convenience.

In sum, the small number of contacts and the relatively isolated nature of the transaction persuade us that Minnesota courts cannot constitutionally exercise jurisdiction over Trail-O-Matic. Although the question is close, we cannot say that the

Florida company intentionally availed itself of the privilege of conducting business in the state. Trail-O-Matic was not trying to create a new market here, nor was it "deliver[ing] its products into the stream of commerce" with the expectation that consumers here would purchase them. *See Rostad v. On-Deck, Inc.*, 354 N.W.2d 95 at 99 (Minn.Ct.App.1984) (quoting *World-Wide Volkswagen*, 444 U.S. at 298, 100 S.Ct. at 567).

### DECISION

The trial court correctly granted summary judgment dismissal of appellant's claim against respondent because respondent's contacts with Minnesota are insufficient to comply with due process of law.

Affirmed.