**NORTH CENTRAL SERVICES,
INC., Respondent,**

v.

**EASTERN COMMUNICATIONS, INC.,
et al., Appellants.**

No. C6–85–1446.

Court of Appeals of Minnesota.

Jan. 14, 1986.

Carl C. Drahos, Drahos & Young, Bemidji, for respondent.

Ronald K. Carpenter, Smith, Carpenter, Benshoof & Klein, P.A., Bemidji, for appellants.

Heard, considered and decided by PARKER, P.J., and FORSBERG and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This appeal is from an order denying appellants Eastern Communications, Inc. and Thomas Balun's motion to dismiss for lack of personal jurisdiction and grant of discretionary review by this court. The trial court determined that Eastern Communications and Thomas Balun waived their objections to Minnesota's personal jurisdiction by agreeing to payment and collection on the second promissory note in this state. We affirm.

## FACTS

Respondent North Central Services, Inc. (North Central) is a Minnesota corporation, with offices in Clearbrook, engaged in the business of underground cable construction throughout the United States. Appellant Eastern Communications, Inc. (Eastern) is a cable communications company incorporated in Pennsylvania and doing business in a number of eastern states. Appellant Thomas M. Balun is the president of Eastern and a resident of Pennsylvania.

In 1983 Eastern hired Alvin McNutt, doing business as TLM Construction, to construct cable communication systems at lo-cations in Maryland and New Jersey. TLM asked North Central to work as a subcontractor and North Central completed work on installation of the system in early 1984.

In March 1984 North Central's president received a telephone call at the company's home offices in Minnesota from Eastern requesting that he meet with representatives of Eastern in York, Pennsylvania to discuss two proposals. The first proposal, communicated to North Central over the phone, was for Eastern to make direct payment of the balance owing North Central for services it performed under the TLM contract. The second proposal by Eastern was for North Central to undertake further work as direct contractor on other Eastern projects in Maryland and New Jersey.

On March 6, 1984, North Central's president traveled to Pennsylvania to discuss Eastern's proposals. At the meeting Eastern executed a promissory note to North Central as direct payment for the work completed by North Central as sub-contractor for TLM. Arrangements were also made for North Central to begin additional work for Eastern as a direct contractor which was completed by North Central several months later.

Eastern defaulted on both its payments owing under the March 6, 1984 note and North Central's completed work on the new projects. A second promissory note was executed by Eastern combining monies owed under the first note with monies owed for the additional work undertaken by North Central. To assure payment and minimize the expenses of collection the second note provided that Eastern president Balun sign individually as guarantor and that all payments be made at North Central's office in Minnesota.

North Central claims that additional discussions took place between it and Eastern's president concerning collection on the second note. A major concern of North Central was the possible expenses of litigation if Eastern defaulted on the second note and collection was necessary somewhere other than in Minnesota. Balun assured North Central that by making the

note payable in Minnesota, it could bring suit on the note in Minnesota if it were necessary to do so.

Eastern and Balun deny that such assurances were made to representatives of North Central or that payment of the note in Minnesota was intended as a waiver of personal jurisdiction.

In September 1984 Eastern defaulted on the second note. A short time later North Central commenced suit in Minnesota against Eastern and Balun for collection of the unpaid balance. Eastern moved to dismiss North Central's complaint for lack of personal jurisdiction. The trial court denied Eastern's motion finding that Eastern and Balun had waived any objection to Minnesota's jurisdiction by agreeing to payment on the note in this state.

### ISSUE

Did Eastern and Balun waive their objections to Minnesota's jurisdiction by agreeing to payment on the second promissory note in this state?

### ANALYSIS

■■ North Central argues and the trial court agreed that Eastern waived its objection to Minnesota's jurisdiction by agreeing to payment on the note in Minnesota. According to North Central, Balun admitted in his discussions with North Central representatives that the intent of the provision in the second promissory note requiring payment in Minnesota was to allow collection by North Central in this state if Eastern defaulted.[1]

■■ Unlike subject matter jurisdiction, which can never be waived, personal jurisdiction may be given by consent of the parties. See Huhn v. Foley Bros., Inc., 221 Minn. 279, 286, 22 N.W.2d 3, 8 (1946). The distinction between the two concepts rests on the characterization of personal

jurisdiction as a matter of individual liberty rather than a statutorily defined limitation on a court's power. As stated by the United States Supreme Court:

> The requirement that a court have personal jurisdiction flows not from Art. III, but from the Due Process Clause. The personal jurisdiction requirement recognizes and protects an individual liberty interest. It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty * * *.
>
> Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived * * *.

*Insurance Corporation of Ireland v. Compagnie Des Bauxites*, 456 U.S. 694, 702–703, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982) (footnote omitted).

■■ We believe Eastern and Balun consented to the personal jurisdiction of the Minnesota court by agreeing to payment on the second promissory note in this state. It was for the purposes of inducing North Central into accepting a substitute note after Eastern defaulted on its obligations owing under the first note that Eastern and its president agreed to make the substitute note payable in Minnesota and assured North Central that the intent of the payment provision was to allow collection in this state if Eastern defaulted a second time.

Eastern contends that the note is complete on its face and is limited to requiring that payments be made in Minnesota, a non-ambiguous requirement. Therefore, Eastern argues, any parol evidence of discussions between it and North Central should not be considered when interpreting the provisions of the instrument. North Central counters that because the oral

---

1. Once jurisdiction is challenged, the burden of proof is on the plaintiff, North Central here, to show sufficient contacts to meet the constitutional minimum. *See Fingerhut Gallery, Inc. v. Stein*, 548 F.Supp. 206, 208 (D.Minn.1982). Most of the contacts with Minnesota alleged by North Central are disputed by Eastern, including assurances by Eastern that payment on the

note in Minnesota was in effect meant to include consent by it to this state's jurisdiction. At the pretrial stage, however, the plaintiff's allegations and supporting evidence are to be taken as true. *Hardrives, Inc. v. City of La-Crosse, Wisconsin*, 307 Minn. 290, 293, 240 N.W.2d 814, 816 (1976).

agreements do not vary the terms of the note, parol evidence is admissible to determine the intent of the parties.

Both Eastern and North Central concede that the note is unambiguous and that Eastern defaulted under the terms of the note by not meeting its installment payments. The salient issue is the exercise by Minnesota of personal jurisdiction over Eastern. Whether such jurisdiction exists requires examination of all contacts between Eastern and the forum state that would not violate the parol evidence rule regarding the note.

As a general rule, the terms of a written instrument cannot be contradicted, altered, added to, or varied by evidence of a prior or contemporaneous oral agreement. 7A Dunnell's Digest *Evidence* § 3368 (rev. 3d ed.). We agree with North Central that the discussion between Balun and North Central does not have the effect of varying or altering the terms of the second note executed by Eastern. As a consequence, the alleged oral agreement to allow collection in the State of Minnesota was admissible and supports the trial court's finding of a personal jurisdiction waiver.

### DECISION

Affirmed.