**In re the Marriage of J. Paul FERGUSON, petitioner, Respondent,**

v.

**Ila FERGUSON, Appellant.**

**No. C2–87–931.**

Court of Appeals of Minnesota.

Sept. 1, 1987.

Marilyn B. Knudsen, St. Paul, for respondent.

Robert E. Oliphant, St. Paul, for appellant.

Considered and decided by FOLEY, P.J., and PARKER and SEDGWICK, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

After her marital dissolution in Montana, Ila Ferguson relocated to Minnesota with the parties' children and moved the Minnesota court for child support modification without using the procedures of the Revised Uniform Reciprocal Enforcement of Support Act (RURESA). The trial court dismissed her motion for lack of personal jurisdiction over the Montana obligor, and she appeals. We affirm.

## FACTS

The marriage of appellant Ila Ferguson and respondent J. Paul Ferguson was dissolved in Montana in 1980. Ila Ferguson was granted custody of the four children, Rory, Luke, Timothy and Mark. For each child, J. Paul Ferguson was ordered to pay $175 monthly child support in 1980 and $200 in 1981, with an annual increase of $20 per child thereafter to age of majority or emancipation.

In 1982 Ila Ferguson moved to Minnesota with the four children, and J. Paul Ferguson remained in Montana. In 1983 Rory remained in Montana after visiting his father, and in 1984 the Montana court granted custody of him to his father. The Minnesota court gained custody jurisdiction over the other three children, and J. Paul Ferguson has petitioned the Minnesota court three times, to gain custody of Luke in 1985 and to enforce his visitation rights in 1985 and 1986. Rory and Luke are now deceased, having been killed in an automobile accident; Timothy and Mark remain in Minnesota.

Since her move, Ila Ferguson has petitioned the Minnesota court three times for child support modification, without using the procedures of RURESA. In 1984 she served J. Paul Ferguson's attorney by mail; in 1986 her filed motion contained no proof of service; and in 1987 she served J. Paul Ferguson personally in Montana. Each time the court dismissed for lack of personal jurisdiction over J. Paul Ferguson after he appeared specially, by counsel, to object. She appeals from the latest order, filed April 16, 1987.

## ISSUE

Did the trial court have jurisdiction over the Montana obligor?

## DISCUSSION

Ila Ferguson contends the trial court erred in denying her motion for child support modification. She argues that the trial court had personal jurisdiction over J. Paul Ferguson by virtue of the fact that he brought three motions involving custody and visitation in the Minnesota courts. We disagree.

Before a Minnesota court may exercise personal jurisdiction over a nonresident defendant, two criteria must be met. First, the long-arm statute, Minn.Stat. § 543.19 [(1986)], must be satisfied. Second, there must exist "minimum contacts" between the defendant and this state such that assertion of jurisdiction does not offend the due process clause. *Ulmer v. O'Malley*, 307 N.W.2d 775, 777 (Minn.1981). *See also Kulko v. Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) (a court may not exercise personal jurisdiction over a nonresi-

dent parent to modify child support unless jurisdiction is established through sufficient minimum contacts within the state).

■ Ila Ferguson argues that the long-arm statute, Minn.Stat. § 543.19 (1986), confers personal jurisdiction over Montana resident J. Paul Ferguson. She compares this case to *Howells v. McKibben*, 281 N.W.2d 154 (Minn.1979), in which the Minnesota Supreme Court approved the use of the long-arm statute to reach a nonresident defendant in a paternity action. However, in *Howells* the defendant was found to have committed a tort in Minnesota, and the court's jurisdiction was explicitly authorized by Minn.Stat. § 543.19, subd. 1(c) (1986). *Id.* at 156. There is no such statutory authority here. Because we hold that the long-arm statute is not satisfied, we do not reach the question of minimum contacts necessary to satisfy due process.

Ila Ferguson's principal contention appears to be that J. Paul Ferguson consented to personal jurisdiction of the Minnesota courts by bringing motions involving custody and visitation matters. We recognize that the requirement of personal jurisdiction is an individual right which can be waived. *North Central Services, Inc., v. Eastern Communications, Inc.*, 379 N.W.2d 708, 710 (Minn.Ct.App.1986) (citing *Insurance Corp. of Ireland v. Compagnie Des Bauxites*, 456 U.S. 694, 702–03, 102 S.Ct. 2099, 2104–05, 72 L.Ed.2d 492 (1982)). However, J. Paul Ferguson did not *choose* to avail himself of the Minnesota courts; he was forced to do so by the fact that Ila Ferguson had moved to Minnesota with the children in violation of a court order, which resulted in Minnesota gaining custody jurisdiction as the "home state" of the children. *See* Minn.Stat. § 518A.03, subd. 1 (1986) (jurisdictional requirements of Uniform Child Custody Jurisdiction Act). Accordingly, he had no choice but to appear in the Minnesota courts to enforce his visitation rights. *See* Minn.Stat. § 518A.02(b) (1986) (custody matters include visitation rights).

A similar argument was considered and rejected by the California Supreme Court in *Kumar v. Superior Court*, 32 Cal.3d 689,

652 P.2d 1003, 186 Cal.Rptr. 772 (1982). In that case the nonresident obligor had enforced his visitation rights through a writ of habeas corpus. 652 P.2d at 1012, 186 Cal.Rptr. at 781. In response to the custodial parent's argument that the obligor had made a general appearance by securing the habeas corpus order, thus submitting to in personam jurisdiction, the supreme court stated:

> Principles of fairness preclude the exercise of personal jurisdiction where connection with the state resulted from an effort to encourage visitation with the non-custodial parent. This is especially true in the instant case, where [the nonresident parent] was virtually forced into the California court because [the custodial parent] denied him his visitation rights. It would be grossly unfair to allow her now to claim that he thereby established "minimum contact" sufficient to establish personal jurisdiction.

652 P.2d at 1012–13, 186 Cal.Rptr. at 781–82 (citation omitted).

■ Contrary to her assertion, Ila Ferguson has a remedy in the Revised Uniform Reciprocal Enforcement of Support Act, Minn.Stat. § 518C.01–.36 (1986), a well-considered body of law designed to avoid conflicts such as this. Montana has also adopted this act. *See* Mont. Code Ann. §§ 40–5–101 to 40–5–142. As the United States Supreme Court noted in *Kulko:*

> This statute provides a mechanism for communication between court systems in different States, in order to facilitate the procurement and enforcement of child-support decrees where the dependent children reside in a State that cannot obtain personal jurisdiction over the defendant.

436 U.S. at 99–100, 98 S.Ct. at 1700–01.

We hold that the trial court correctly dismissed Ila Ferguson's motion for child support modification for lack of personal jurisdiction over J. Paul Ferguson. As the trial court noted, RURESA provides her remedy.

■ We are not persuaded by Ila Ferguson's argument that the trial court erred in ruling *sua sponte* to dismiss her action. J.

Paul Ferguson wrote an *ex parte* letter to the trial court to apprise it of its lack of personal jurisdiction. Once it was brought to the trial court's attention, whether properly or not, that it was without personal jurisdiction, the trial court's *sua sponte* ruling cannot be criticized. We note further that the trial court file refers to and exhibits three prior Minnesota court orders dismissing appellant's attempts to establish personal jurisdiction of Minnesota courts over a man who does not live here, has not lived here and has not appeared here in person. This *fourth* dismissal is not error.

## DECISION

Affirmed.

Herman P. Imdieke, Jr., pro se.

Harry E. Burns II, St. Cloud, for appellant.

John J. Meurs, Rinke, Noonan, Grote & Smoley, Ltd., St. Cloud, Guardian Ad Litem.

Considered and decided by PARKER, P.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.