**BROWN COUNTY FAMILY SERVICE CENTER and Theresa J. Wesselmann, Respondents,**

v.

**Leo J. MINER, Appellant.**

**No. C0-87-1463.**

Court of Appeals of Minnesota.

Feb. 16, 1988.

James R. Olson, Brown Co. Atty., New Ulm, for respondents.

Patrick A. Lowther, Lowther & Vickery, Sleepy Eye, for appellant.

Considered and decided by FOLEY, P.J., and SCHUMACHER and STONE *, JJ., with oral argument waived.

* Acting as judge of the court of appeals by ap-

## OPINION

FOLEY, Judge.

This appeal is from a judgment rejecting appellant Leo J. Miner's challenge to the trial court's jurisdiction to enter previous judgments imposing child support. Miner contends he did not have sufficient contact with Minnesota to allow the trial court to exercise personal jurisdiction over him. We reverse.

## FACTS

Miner has had minimal contact with the State of Minnesota. Miner resides in Kansas and he has never personally been in Minnesota, owned property in Minnesota, or had any business interest in Minnesota. Miner's only contacts with Minnesota are a few telephone calls and letters sent to Minnesota addresses.

Furthermore, most of the events surrounding the birth of respondent Theresa J. Wesselmann's child, including the contact responsible for conception, occurred outside of Minnesota. Wesselmann became pregnant while she and Miner were serving in the Army in the State of Washington. Following her discharge from the Army, Wesselmann moved to Kansas where she lived with Miner's parents. Wesselmann did not move to Minnesota until she was approximately eight months pregnant. Wesselmann's child was born in a North Dakota hospital on November 27, 1976.

## ISSUE

Did the trial court properly deny Miner's motion to vacate the court's partial and supplemental judgments, finding Minnesota had personal jurisdiction over him?

## ANALYSIS

Miner argues he has insufficient minimum contacts with Minnesota for this State to exercise personal jurisdiction over him. We agree.

Minnesota's courts may not exercise long-arm jurisdiction over nonresident defendants unless two requirements are met.

pointment pursuant to Minn.Const. art. 6, § 2.

First, the requirements of Minnesota's long-arm statute, Minn.Stat. § 543.19 (1982), must be satisfied. Second, plaintiff must demonstrate that sufficient "minimum contacts" exist between defendant and the state so that assertion of jurisdiction will not offend the due process clause. *Howells v. McKibben*, 281 N.W.2d 154, 155–56 (Minn.1979); *State v. Hartling*, 360 N.W.2d 439, 440–41 (Minn.Ct.App.1985).

Miner concedes the requirements of Minnesota's long-arm statute have been satisfied. The only issue raised by this appeal is whether Miner has sufficient minimum contacts with Minnesota to compel him to defend the present paternity action in this State.

 The sufficiency of a defendant's contacts with the state must be determined on a case-by-case basis after considering the following factors:

(1) the quantity of defendant's contacts with the state;

(2) the nature and quality of the contacts;

(3) the connection of the cause of action with those contacts;

(4) the interest of the state in providing a forum; and

(5) convenience to the parties.

*Howells*, 281 N.W.2d at 157.

 The quantity of Miner's contacts with Minnesota are minimal. Consequently, the nature and quality of the contacts become dispositive. *Hartling*, 360 N.W.2d at 441. The court, in reviewing the nature and quality of the contacts, must determine whether "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *West American Insurance Co. v. Westin, Inc.*, 337 N.W.2d 676, 679 (Minn.1983) (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)). Miner could not have anticipated being required to defend the present paternity action in this State based on a few phone calls and letters he sent to Minnesota addresses.

 Furthermore, Miner's contacts with Minnesota are not directly connected to the underlying action and did not occur until eight months after the contact which led to this action. The first three factors weigh heavily against the trial court's findings that personal jurisdiction was constitutionally exercised over Miner. As to the fourth factor, Minnesota's interest in providing a forum for its residents is not a contact and cannot establish personal jurisdiction. *Dent–Air, Inc. v. Beech Mountain Air Service*, 332 N.W.2d 904, 908 (Minn.1983).

Finally, we need not reach consideration of the fifth factor, convenience to the parties, because we hold that minimum contacts sufficient to satisfy constitutional requirements for the exercise of personal jurisdiction are not present. *West American*, 337 N.W.2d at 680.

### DECISION

All judgments entered against Miner in this matter are void and vacated because Miner was never subject to the jurisdiction of Minnesota courts.

Reversed.