**OLMSTED COUNTY, Appellant,**

v.

**TRAILER EQUIPMENT WAREHOUSES, INC., W–W Trailer Manufacturers, Inc., Respondents,**

**Richard Kahn, et al., Defendants.**

No. C5–87–2222.

Court of Appeals of Minnesota.

March 29, 1988.

T. Michael Kilbury, St. Paul, for Olmsted County.

Jodi Williamson, Rochester, for Trailer Equipment Warehouses, Inc.

L.T. Merrigan, Minneapolis, for W–W Trailer Mfrs., Inc.

Brian Wood, Minneapolis, for Richard Kahn, et al.

Richard Kahn, pro se.

Considered and decided by KALITOWSKI, P.J., and RANDALL and CRIPPEN, JJ., without oral argument.

## OPINION

RANDALL, Judge.

Olmsted County appeals from an order for dismissal of its claim against respondents for lack of personal jurisdiction. The trial court found that Trailer Equipment Warehouses, Inc. had insufficient minimum contacts with the state to permit a constitutional exercise of personal jurisdiction. We affirm.

## FACTS

An Olmsted County employee was injured in 1983 when a trailer became disconnected from a moving vehicle and struck him. The accident occurred in Minnesota. The trailer itself was manufactured by W–W Trailer Manufacturers, Inc. (W–W), an Oklahoma corporation. The hitch was manufactured by Trailer Equipment Warehouses, Inc. (TEW), a Texas corporation, and sold to W–W in Oklahoma. The injured employee received worker's compensation benefits under Olmsted County's self-insured worker's compensation plan. The County brought this action for support and indemnification. TEW brought a motion for dismissal based on lack of personal jurisdiction. The trial court granted this motion on October 15, 1987.

Defendant TEW is a Texas corporation with its principal place of business in Fort Worth. It has never been licensed to do business in Minnesota; has never solicited business here; and has never owned any property in Minnesota. It has never entered into any contract to be performed in whole or in part in Minnesota. Except for the present lawsuit, it has never sued or been sued in the state. It has no office, agents, employees, officers, distributors, or directors located in the State of Minnesota. It maintains no savings accounts nor transacts any financial business in Minnesota. Its sole connection to Minnesota is a trailer hitch it manufactured and sold in Oklahoma, which was installed in a trailer in Oklahoma, which made its way through the stream of commerce to Minnesota and injured a Minnesota resident.

## ISSUE

Did defendant TEW have sufficient minimal contacts with the State of Minnesota for Minnesota courts to constitutionally exercise personal jurisdiction?

## ANALYSIS

Minnesota courts may obtain personal jurisdiction over nonresidents through Minn.Stat. § 543.19 (1983). Subdivision 1(d) authorizes jurisdiction over a foreign corporation that:

(d) commits any act outside Minnesota causing injury or property damage in Minnesota, subject to the following ex-

ceptions when no jurisdiction shall be found:

(1) Minnesota has no substantial interest in providing a forum; or

(2) The burden placed on the defendant by being brought under the state's jurisdiction would violate fairness and substantial justice * * *.

■ The Minnesota legislature, in enacting this provision, intended to permit jurisdiction to the maximum extent permissible under constitutional due process. *Rostad v. On–Deck, Inc.*, 372 N.W.2d 717, 719 (Minn.1985), *cert. denied*, 474 U.S. 1006, 106 S.Ct. 528, 88 L.Ed.2d 460 (1985). When the question is close, doubts are to be resolved in favor of jurisdiction. *Hardrives, Inc. v. City of LaCrosse*, 307 Minn. 290, 296, 240 N.W.2d 814, 818 (1976); *Helten v. Arthur J. Evers Corp.*, 372 N.W.2d 380, 383 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Oct. 24, 1985).

■ A limit on a state's extent of long-arm statutes is the constitutional requirement of due process. Due process requires that a defendant have "minimum contacts" with the forum state before being required to defend in that forum. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed.2d 95 (1945). The defendant's contacts with the forum state must be sufficient so that jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Id.* To have minimum contacts, the defendant must have purposefully availed itself of the privilege of conducting activities within the jurisdiction. *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

■ The United States Supreme Court, in *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), placed limits on a state court's ability to exercise personal jurisdiction over foreign defendants. The *Worldwide* court required foreseeability to the extent that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide*, 444 U.S. at 297, 100 S.Ct. at 567. Thus, in a situation where a company delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state, jurisdiction over that corporation meets due process concerns. *World-Wide* at 297–98, 100 S.Ct. at 567.

■ To determine whether minimum contacts exist, Minnesota has adopted a five-factor test. These factors are:

(1) The quantity of contacts with the forum state,

(2) The nature and quality of contacts,

(3) The source and connection of the cause of action with these contacts,

(4) The interest of the state providing a forum,

(5) The convenience of the parties.

*Rostad*, 372 N.W.2d at 719–20. The first three factors are primarily important, while the last two are less so. *Dent–Air, Inc. v. Beech Mountain Air Service, Inc.*, 332 N.W.2d 904, 907 (Minn.1983).

For a manufactured product, the limits of personal jurisdiction currently lie with the Minnesota case of *Rostad v. On–Deck, Inc.* In *Rostad*, a bat-weight manufacturer, based in New Jersey, was sued in Minnesota. The manufacturer had no offices in Minnesota, owned no property in Minnesota, had no agent in Minnesota and was not licensed to do business in Minnesota. However, a great number of its bat-weights were sold here through distributors. Further, the manufacturer contracted with various distributors to enter the Minnesota market. Sporting goods stores reported that On–Deck's product was a popular item and the Minnesota Twins had used the product for several years. Under a "stream of commerce" theory, the Minnesota Supreme Court found jurisdiction over the New Jersey manufacturer. The court found that the manufacturer had expectations that the product would be used in Minnesota.

A case similar to the present one is *Maiers Lumber & Supply v. Chancey Trailers*, 354 N.W.2d 585 (Minn.Ct.App.1984). In *Maiers*, a Florida trailer manufacturer

was sued in Minnesota for breach of contract. The sole contact with Minnesota was the sale and delivery of several trailers to the plaintiff. The court of appeals found this contact insufficient to extend jurisdiction.

Since the *Rostad* and *Maiers* decisions, the United States Supreme Court has decided *Asahi Metal Ind. v. Superior Court of California,* — U.S. —, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). In this case, the United States Supreme Court further limited the jurisdiction of state courts over foreign defendants. In *Asahi,* a Japanese manufacturer of valve stems was sued in California. The manufacturer assembled and sold valve stems to several Asian tire manufacturers, including Cheng Shin. The stems were shipped from Japan to Taiwan for assembly into tires. Cheng Shin then sold the tires worldwide, including California. Asahi had no connections whatsoever with the State of California. Asahi was aware that tires incorporating its stems would end up in California, but never contemplated that the sales would be subject to lawsuits in California.

In denying jurisdiction, the court stated, "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi,* — U.S. at —, 107 S.Ct. at 1033. The court added that "a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed towards the forum State." *Asahi,* — U.S. at —, 107 S.Ct. at 1033. Therefore, the court denied jurisdiction.

Aside from the limits *Asahi* places on the disposition of this suit, the case of *Now Foods Corp. v. Madison Equipment Co.,* 386 N.W.2d 363 (Minn.Ct.App.1986), *pet for rev. granted* (Minn. July 16, 1986) indicates that no jurisdiction should lie. In *Now Foods,* an Illinois corporation sold a Minnesota corporation a steam kettle for food processing. The Illinois corporation advertised its products in national trade magazines, and pursuant to these ads a contract

was formed. This court found there to be insufficient minimum contact to justify personal jurisdiction.

 In the present case, TEW has no contacts with the State of Minnesota, save that its hitch was incorporated into a trailer which was transported to Minnesota, where it later caused injury. Like *Asahi,* the defendant "may" have known that its product "might" someday end up in Minnesota, but, absent this, has no other contacts with the state. No Minnesota court has gone as far as to submit such a foreign corporation to Minnesota jurisdiction. In *Rostad,* the defendant New Jersey manufacturer not only knew its product might end up in Minnesota, but took pains to ensure that it did. TEW made no such effort. Application of the five-factor test indicates that Minnesota has insufficient basis for jurisdiction. The trial court properly found that TEW did not have minimum contacts with the State of Minnesota, and thus Minnesota cannot extend personal jurisdiction.

### DECISION

The trial court's order for dismissal is affirmed.

Affirmed.