Frank A. WHEELER, Jr., Respondent,

v.

Dennis TEUFEL, Appellant.

No. C8-89-291.

Court of Appeals of Minnesota.

Aug. 8, 1989.

but was a temporary leave granted to allow Defendant to clear up his personal affairs.

William J. Mavity, James G. Ryan, Mavity & Ryan, Minneapolis, Minn., for respondent.

Dale M. Wagner, Philip A. Pfaffly, Christopher L. Farwell, Moss & Barnett, Minneapolis, Minn., for appellant.

Heard, considered and decided by FORSBERG, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

FOLEY, Judge.

This appeal arises out of a defamation action commenced by respondent Frank A. Wheeler, Jr., alleging that appellant Dennis Teufel, an Arizona resident, made false and defamatory statements about him by telephone from Arizona to individuals in Minnesota. Teufel appeals from the trial court's order denying his motion to dismiss for lack of personal jurisdiction. We reverse.

## FACTS

Teufel is a self-employed businessman who, until recently, was a long-time resident of Minnesota. He and his family moved to Arizona in 1988 and presently reside there.

Wheeler is a long-time Minnesota resident who currently resides in Arizona. Wheeler is a builder who arranges for and manages the construction of residences on a contract basis.

Teufel and Wheeler entered into a contract in February 1988 wherein Wheeler was to arrange for, manage and oversee the construction of a residence for the Teufel family in Arizona. When construction was about half completed, a conflict between the two men arose, their relationship deteriorated, and Wheeler ceased working on Teufel's house.

In June or July of 1988, Teufel, while in Arizona, allegedly made numerous defamatory statements about Wheeler during telephone conversations with individuals in Minnesota, including Teufel's long-time friend, and both the sister and ex-husband of Wheeler's fiancee.

Wheeler commenced a defamation action against Teufel in Minnesota. The trial court asserted personal jurisdiction over Teufel under Minnesota's long-arm statute and denied his motion to dismiss for lack of jurisdiction.

## ISSUE

Did Teufel commit an "act in Minnesota causing injury," subjecting him to personal jurisdiction in Minnesota within the meaning of Minn.Stat. § 543.19 (1988), when he allegedly made defamatory statements about Wheeler by telephone from Arizona to Minnesota residents?

## ANALYSIS

■ We first note that orders granting or denying pretrial motions for lack of jurisdiction are constitutionally appealable as a matter of right. *In re State & Regents Building Asbestos Cases*, 435 N.W.2d 521, 522 (Minn.1989).

Teufel contends that his utterance of allegedly defamatory statements in the course of telephone communications between him in Arizona and persons in Minnesota is not sufficient to establish personal jurisdiction over him in Minnesota. He argues that Minnesota's long-arm stat-

ute cannot reach him because he did not commit an act in this state and the statute expressly precludes jurisdiction for a defamation action when the act occurs outside the state. We agree.

In Minnesota, long-arm jurisdiction may be asserted over a nonresident defendant only after two requirements are met. First, the criteria of Minnesota's long-arm statute, Minn.Stat. § 543.19, must be satisfied. Second, plaintiff must show that sufficient "minimum contacts" exist between the state and defendant so that due process will not be offended by the assertion of jurisdiction. *Howells v. McKibben*, 281 N.W.2d 154, 155–56 (Minn.1979); *Brown County Family Service Center v. Miner*, 419 N.W.2d 117, 118–19 (Minn.Ct.App. 1988).

Under the relevant provisions of Minn. Stat. § 543.19, subd. 1, a court may exercise jurisdiction over any nonresident individual who:

(c) Commits any act in Minnesota causing injury or property damage, or

(d) Commits any act outside Minnesota causing injury or property damage in Minnesota, subject to the following exceptions when no jurisdiction shall be found:

(1) Minnesota has no substantial interest in providing a forum; or

(2) the burden placed on the defendant by being brought under the state's jurisdiction would violate fairness and substantial justice; or

(3) the cause of action lies in defamation or privacy.

Minn.Stat. § 543.19, subd. 1.

In an effort to avoid constitutional due process problems, Minnesota separates the "act" from the "injury" in Minn.Stat. § 543.19, subd. 1(c) and requires that both occur in the state. The language in this clause is more restrictive than that found in long-arm statutes of other states where jurisdiction may be asserted upon the "commission of a tortious act" within the state, or upon the commission of a tort "in whole or in part" in the state. *See Brown v. Flowers Industries, Inc.*, 688 F.2d 328 (5th Cir.1982), *cert. denied*, 460 U.S. 1023,

103 S.Ct. 1275, 75 L.Ed.2d 496 (1983); *Carida v. Holy Cross Hospital, Inc.*, 424 So.2d 849 (Fla.App.1982); *Norton v. Local Loan*, 251 N.W.2d 520 (Iowa 1977); *State ex rel. Advanced Dictating Supply, Inc. v. Dale*, 269 Or. 242, 524 P.2d 1404 (1974).

Courts construing statutory language and factual situations which are similar to the present case have concluded that although a defamatory statement was received in the state, the significant causal act occurred outside the state where the defamatory information was spoken or mailed. *See* D.C.Code Ann. § 13–423(a)(3) (1981); *see also Tavoulareas v. Comnas*, 720 F.2d 192 (D.C.Cir.1983); *Margoles v. Johns*, 483 F.2d 1212 (D.C.Cir.1973). These courts have refused to find that a nonresident defendant commits an act in the District upon causing a communication to be published there. Thus, it has been consistently held that defamatory telephone calls into the District are not acts within the District upon which personal jurisdiction can be asserted over the caller. *See Tavoulareas*, 720 F.2d at 194; *Margoles*, 483 F.2d at 1217–18.

■ Similarly, we cannot construe our Minnesota statute in such a way so as to declare that an "act" occurs wherever the resulting "injury" takes place. At a minimum, two actions are required to complete the tort of slander—one person must act by speaking the defamatory words, while another must act by hearing them, to the injury of a third party. We are convinced in this case that Teufel's act of uttering the alleged defamatory statements occurred in Arizona, not Minnesota.

In Minnesota, telephone conversations and mail exchanges alone have generally not been found sufficient for the assertion of personal jurisdiction. *Norval Industries, Inc. v. Superior Companies, Inc.*, 515 F.Supp. 895, 898 (D.Minn.1981). Although the Minnesota Supreme Court has affirmed the assertion of personal jurisdiction over nonresidents based upon telephone or mail communications into the state, such cases can be distinguished from the instant case. Those actions involved situations where the defendant purposeful-

ly solicited a series of contacts with Minnesota residents or initiated or induced the transaction out of which the cause of action arose and the contacts with the state satisfied due process requirements. *See Marquette National Bank v. Norris,* 270 N.W.2d 290 (Minn.1978) (assertion of personal jurisdiction did not offend due process where appellants' purposeful act of inducing a financial transaction in Minnesota to their benefit created an economic effect in Minnesota); *Paulos v. Best Securities, Inc.,* 260 Minn. 283, 109 N.W.2d 576 (1961) (personal jurisdiction affirmed over nonresident seller of securities who never entered the state, had no agents or continuous business in the state, but made a series of telephone calls and mail contacts with a Minnesota resident to solicit and promote a sale of securities).

Even if an attempt was made to confer jurisdiction over Teufel under Minn.Stat. § 543.19, subd. 1(d), the effort would fail because of the statute's specific exemption for defamation and privacy actions. An examination of the legislative history of Minn.Stat. § 543.19 reveals that subdivision 1(d) was amended in 1978 by replacing specific references with the constitutional due process standard of fairness.[1] Hearings on S.F. 1862 Before the Subcommittee on Judicial Administration, Feb. 17, 1978. Proponents of the amendment stated, for example, that the act of mailing a defamatory letter into Minnesota is such a minimum type of contact that in and of itself it might constitute unfairness against the letter writer if personal jurisdiction could be asserted in this state. Hearings on H.F. 2159 Before the Subcommittee on Governmental Administration, Feb. 21, 1978. The act of making a defamatory telephone call from another state into Minnesota is analogous to the mailing of a letter and would similarly violate due process if it were the basis upon which personal jurisdiction could be conferred.

 Therefore, because the criteria of Minnesota's long-arm statute have not been satisfied, the first requirement for the assertion of personal jurisdiction has not been met. Even if the long-arm statute could be applied, the second requirement could not be met because Teufel does not have sufficient minimum contacts with this state. Teufel's contacts must be with the forum state, not with its residents. *Real Properties, Inc. v. Mission Insurance Co.,* 427 N.W.2d 665, 667–68 (Minn.1988).

### DECISION

Personal jurisdiction over Teufel cannot be asserted under Minn.Stat. § 543.19.

Reversed.

---

1. Minn.Stat. § 543.19, subd. 1(d) formerly read:
   (d) Commits any tort outside of Minnesota causing injury or property damage within Minnesota, if, (1) at the time of the injury, solicitation or service activities were carried

on within Minnesota by or on behalf of the defendant, or (2) products, materials or things processed, serviced or manufactured by the defendant were used or consumed within Minnesota in the ordinary course of trade.