Elmer William ZOLTAK, III,
et al., Respondents,

v.

WALGREEN COMPANY, d/b/a Robin
Hood Restaurant, Defendant and
Third-Party Plaintiff, Appellant,

v.

Richard KRESSIN, Third-Party
Defendant, Respondent,

Kastern Heating, Third–
Party Defendant.

Nos. C2–91–786, C4–91–787.

Court of Appeals of Minnesota.

Jan. 21, 1992.

Harry L. Newby, Jr., Newby, Lingren, Newby & Carlson, Ltd., Cloquet, for Elmer William Zoltak, III, et al.

Thomas R. Thibodeau, Faye M. Witt, Johnson, Killen, Thibodeau & Seiler, P.A., Duluth, for Walgreen Company, d/b/a Robin Hood Restaurant.

John H. Baumgarth, Krista K. Martin, Hanft, Fride, O'Brien, Harries, Swelbar & Burns, P.A., Duluth, for Richard Kressin.

Considered and decided by SCHUMACHER, P.J., and KLAPHAKE and DAVIES, JJ.

## OPINION

SCHUMACHER, Judge.

Appellant Walgreen Company sought to join a third party, respondent Richard Kressin, in a dram shop action pending in Minnesota. The trial court granted summary judgment for respondent, concluding that the appellant's costs associated with defending the dram shop action do not constitute "injury or property damage" under Minn.Stat. § 543.19 (1986). The trial court also found that respondent did not have sufficient "minimum contacts" with Minnesota, such that exercising personal jurisdiction would violate due process. We agree that the "injury" alleged by appellant does not fall under Minnesota's "long-arm statute," and thus affirm.

## FACTS

The facts leading to this appeal are somewhat complex. In the early afternoon of August 28, 1987, Ms. V.J. Milinkovich (Duluth resident) was drinking in a Duluth establishment, Robin Hood Restaurant, which is owned by Walgreen Company (appellant). Milinkovich then drove into Wisconsin where she was involved in an automobile accident. The occupants of the other car (Elmer Zoltak, et al.) were killed. Ms. Milinkovich was convicted of homicide by intoxicated use of a motor vehicle.

At her trial (and at an earlier deposition) Milinkovich alleged that a third vehicle, driven by respondent, Richard Kressin (a Wisconsin resident), caused the accident.

Milinkovich stated that she had attempted to pass Kressin on the two-lane highway and he had sped up after she got in the left lane, not allowing her to pass and return to her own lane. She claims this was the reason the head-on collision with Zoltak's vehicle occurred. Kressin denied any involvement in causing the accident. He claimed he had pulled to the shoulder and then attempted to offer aid.

The surviving family members of those killed in the Zoltak vehicle initiated several civil suits. These individuals brought suits against Milinkovich and Kressin in Wisconsin. They also brought a "dram shop" action against appellant in Minnesota, alleging the restaurant had illegally served alcohol to Milinkovich when she was already obviously intoxicated. Appellant attempted to join Kressin (and his employer, Kastern Heating) in the Minnesota action, alleging a claim for contribution based on Kressin's allegedly negligent or reckless driving.

Kressin and Kastern Heating moved the court to dismiss them from the Minnesota suit alleging lack of personal jurisdiction. The court granted this motion, finding that Walgreen had failed to demonstrate an appropriate basis for the exercise of jurisdiction over the Wisconsin residents.

Appellant maintains that the Minnesota courts can exercise jurisdiction over Kressin and Kastern Heating, even though both are Wisconsin residents, both were served in Wisconsin, and the accident itself occurred in Wisconsin (Kressin had not been in Minnesota the entire day the accident occurred). Appellant believes that the Minnesota "long-arm" statute—Minn.Stat. § 543.19—applies to create an adequate jurisdictional basis over respondent Kressin (and Kastern).

The statute allows for jurisdiction over non-residents who "commit an act outside Minnesota which causes injury or property damage in Minnesota." Minn.Stat. § 543.-19, subd. 1(d). Appellant argues that respondent Kressin's negligent or reckless driving was the actual cause of the accident (not Milinkovich's intoxication/negli-

gence). Appellant believes that Kressin's conduct lead to its having to defend against the dram shop action in Minnesota. Appellant argues that the cost of defending against this action constitutes "injury or property damage" in Minnesota and satisfies the long-arm statute. Appellant further alleges it has shown, or with further discovery could show, sufficient "minimum contacts" between respondents Kressin and Kastern Heating to satisfy due process.

The trial court found jurisdiction lacking, concluding the "injury" appellants alleged was not of the type contemplated by § 543.19, subd. 1(d). The trial court also concluded that appellant had not, and could not, demonstrate adequate contacts to satisfy federal due process requirements. The trial court stated Minnesota did not have an interest in allowing appellant's action. Respondent argued that appellant could intervene in the Wisconsin suit against Kressin for any contribution forthcoming. This appeal resulted.

## ISSUE

1. Can appellant demonstrate "injury or property damage" which occurred in Minnesota sufficient to satisfy Minn.Stat. § 543.19, subd. 1(d) and establish personal jurisdiction over respondents?

## ANALYSIS

Appellant posits a novel interpretation of Minn.Stat. § 543.19, subd. 1(d) in an attempt to demonstrate that the Minnesota courts can properly exercise personal jurisdiction over respondent in this action. Appellant alleges that respondent's negligent driving was the proximate cause of the accident which occurred in Wisconsin involving two other vehicles. As a result of the accident, appellant is being sued in Minnesota under Minnesota's "Dram Shop Act."

In order for a Minnesota court to exercise personal jurisdiction over a non-resident party, Minn.Stat. § 543.19 must apply. Appellant contends that subdivision 1(d) applies to the present situation. This subsection allows the Minnesota court to exercise jurisdiction over a non-resident who

commits any act outside Minnesota causing injury or property damage in Minnesota subject to (due process limitations).

Appellant argues that respondent's negligent driving ultimately led to a suit in Minnesota and that appellant's costs in defending that suit constituted "injury or property damage" as contemplated by Minn.Stat. § 543.19, subd. 1(d). Appellant contends that respondent committed an act outside Minnesota which caused injury in Minnesota—not injury from the car accident directly, but rather "injury" from the resulting *litigation* surrounding the car accident.

Appellant has cited no case from this jurisdiction or any other which supports the notion that the cost of defending a suit constitutes "injury or property damage" as contemplated by "long-arm" statutes. These statutes were generally enacted to allow a state to exercise jurisdiction over foreign companies which placed their products in the "stream of commerce," knowing the products would wind up in the forum state. When defects in the products caused injuries to the residents of the forum state, that state wanted to allow its citizens to sue the company in their home state. In portions of "long-arm" statutes like § 543.19, subd. 1(d), the *injury* itself creates the cause of action, not the earlier act which occurred outside the state. Appellant wants this court to broaden the application of Minn.Stat. § 543.19, subd. 1(d) to include "injuries" arising out of properly brought lawsuits. Such a broadening is not warranted.

■ Appellant attempts to utilize *Chris/ Rob Realty v. Chrysler Realty Corp.*, 260 N.W.2d 456 (Minn.1977) as authority for its position that attorney fees and court costs constitute "injury or property damage" satisfying Minn.Stat. § 543.19, subd. 1(d). Appellant manipulates the word "damages" by positing this case, however. To begin with, *Chris/Rob* did not address the interpretation of Minn.Stat. § 543.19, subd. 1(d). *Chris/Rob*, and the cases cited there-

in, dealt with an exception to the general rule that each party must pay its own fees:

When one party as a direct result of tortious conduct or breach of contract causes a second party to enter litigation with a third party, the second party's litigation expenses are a proper element of damages in an action against the first party.

*Id.* at 460 (citing *Tarnowski v. Resop,* 236 Minn. 33, 51 N.W.2d 801 (1952) and *Smith v. Chaffee,* 181 Minn. 322, 232 N.W. 515 (1930)). The word "damages" in this context stands for the legal term of art describing the monetary amount of recovery the court will allow in a lawsuit. In the context of the long-arm statute, however, the word "damages" is used in the general, everyday sense of the word, meaning a decrease in the value of an item of property. Appellant cleverly uses this equivocation in an attempt to manipulate the language of the statute to fit the facts of the present case.

It does not appear the legislature intended such a broad interpretation of "injury or property damage" when it enacted Minn. Stat. § 543.19. Allowing jurisdiction to be based on "injury" from litigation would allow a party to bring in any third-party to a suit in Minnesota simply by alleging that third-party contributed to the action which resulted in the suit. It is providing a forum to address the *injury* which led to the *suit,* not the suit which led to the "injury" (*i.e.* litigation costs) that the legislature had in mind in enacting the long-arm statute.

■ Appellant argues that the 1978 amendment to Minn.Stat. § 543.19 indicates the legislature's intent to broaden the scope of the long-arm statute. With the 1978 amendment, the long-arm statute required in-state injury from an "act" which occurred outside the state, instead of a "tort" as previously required. The revised statute also had dropped the part of the statute which required that

at the time of the injury, solicitation or service activities were carried on within Minnesota by or on behalf of the defendant, or (2) products, materials or things processed, serviced or manufactured by

the defendant were used or consumed within Minnesota in the ordinary course of trades.

from the earlier edition of the long-arm statute. *See* Minn.Stat. § 543.19, subd. 1(d) (1976).

It does appear that the legislature intended to broaden Minn.Stat. § 543.19 to cover more than the products liability, "stream of commerce" type cases. The legislature did not intend the extreme broadening appellant claims, however. The amendment was designed to address the problem enunciated in *Nelson v. Nelson,* 298 Minn. 438, 440, 216 N.W.2d 140, 142 (1974), namely, that by using the term of art "tort," the statute seemed to arguably preclude many acts not technically "torts" but which led to in-state injury. An example is paternity suits involving non-resident defendants when the conception occurred outside the state. *See, e.g., Ulmer v. O'Malley,* 307 N.W.2d 775 (Minn.1981); *Howells v. McKibben,* 281 N.W.2d 154 (Minn.1979); *State v. Hartling,* 360 N.W.2d 439 (Minn.App.1985). The cases subsequent to the amendment stand for the proposition that the alleged wrongful act must lead *directly* to the injury suffered. *See Olmsted County v. Trailer Equip. Warehouses, Inc.,* 421 N.W.2d 395 (Minn. App.1988); *Schuck v. Champs Food Sys., Ltd.,* 424 N.W.2d 567 (Minn.App.1988). Appellant's alleged "injury" did not result directly from respondent's allegedly negligent driving, but rather from the third-party's venue choice.

Appellant's argument also fails from a strict logical analysis. The long-arm statute requires the out-of-state conduct to have "caused" the in-state injury. "Causation" in the legal sense means *"proximate causation"* not "but for" causation as appellant claims. The attenuation between respondent's allegedly negligent conduct and the appellant's claimed "injury" is apparent even to appellant. "But for" causation is not enough to satisfy the statute.

■ Appellant's costs and fees associated with defending the third-party's dram shop action do not constitute "injury or property damage" as contemplated by

Minn.Stat. § 543.19, and personal jurisdiction is lacking. Because appellant cannot satisfy the statute, it is not necessary for this court to decide the due process issue.

## DECISION

The costs associated with defending a lawsuit properly brought in Minnesota do not constitute "injury or property damage" in Minnesota as contemplated by Minn.Stat. § 543.19. Therefore, the trial court was correct in concluding that Minn.Stat. § 543.19 did not apply, and the Minnesota courts could not exercise jurisdiction over non-resident respondent.

Affirmed.