C. H. CAUDELL v. J. S. BLAIR, ADMINISTRATOR OF THE ESTATE OF P. J. CAUDELL, DECEASED.

(Filed 12 April, 1961.)

**1. Reference § 3—**

A compulsory reference may be ordered in an action involving a course of dealing and accounting between the parties for a long period of time. G.S. 1-189.

**2. Appeal and Error § 49—**

Findings of fact by the referee approved by the trial judge are conclusive on appeal when supported by any competent evidence.

**3. Reference § 13—**

Upon the hearing on appeal from the report of a referee, the trial court may affirm, overrule, modify, or make different or additional findings of fact, and such action by the judge is not ground for exception unless there is error in receiving or rejecting evidence or the findings of the court are not supported by evidence. G.S. 1-194.

**4. Appeal and Error § 1—**

Where it is determined that defendant is entitled to recover nothing on his cross action, it is not necessary to determine whether the cross action is barred by plaintiff's plea of the statute of limitations.

BOBBITT, J., concurs in result.

MOORE, J., took no part in the consideration or decision of this case.

APPEAL by both plaintiff and defendant from *Paul, J.,* at December 1960 Term, of DUPLIN.

Civil action instituted in the Superior Court of Duplin County on 12 March, 1949, as a special proceeding, for the purpose of ob-

taining an order permitting the plaintiff to pay the sum of $19,270.60 into the office of the clerk of the Superior Court of that county to the end that the controversy between the children born to the marriage between P. J. Caudell, then deceased, and Sarah B. Caudell, and J. S. Blair, Administrator of the estate of P. J. Caudell, deceased, might be determined as to the ownership of said funds.

A consent order was entered in the proceeding on 27 March, 1950, authorizing the payment of said sum of $19,270.60 into the office of the clerk of the Superior Court of Duplin County by C. H. Caudell, with the further stipulation that said order would not prejudice the rights of the parties to assert claim or claims against each other "in respect to any other fund or funds, property or properties, for which either of the said parties may be accountable to the other or others."

The order further transferred the cause to the Civil Issue Docket for appropriate inquiry to determine and adjudicate the ownership of said funds; and further provided that the cause of action involving settlement between the above-mentioned children and the Administrator be severed from the cause of action dealing with the further accounting between the Administrator and C. H. Caudell, and set up on the Civil Issue Docket under the title of: *"C. H. Caudell, Plaintiff, v. J. S. Blair, Administrator of the estate of P. J. Caudell, deceased, Defendant."*

On 2 June 1953, Sarah B. Caudell Paddison, former widow of P. J. Caudell, filed in the proceeding entitled *"C. H. Caudell v. Joyce Caudell, et al"* a waiver of her claim to the balance of the $19,270.60, so paid into the office of the clerk of the Superior Court, and assigned to the said minor children her personal interest, if any, in said fund. On 8 September 1953, an order was entered by consent of Sarah B. Caudell Paddison, Guardian for the said minor children, and individually, and by her attorney of record as Guardian, and by J. S. Blair, Administrator of the estate of P. J. Caudell, deceased, directing that the clerk of the Superior Court pay over to Sarah B. Caudell Paddison, Guardian for the said minor children, without prejudice to the other matters involved in the litigation, the balance of said funds in his hands.

Thereupon, on 11 December, 1953, J. S. Blair, Administrator of the estate of P. J. Caudell, deceased filed a cross-action in the above-entitled action, alleging that the plaintiff was indebted to the estate of P. J. Caudell as surviving partner, for rents, profits and other income in the sum of $75,000.00

The plaintiff, C. H. Caudell, replied to the cross-action and denied the material allegations therein, and alleges that a partnership existed

between him and his brother, P. J. Caudell, prior to 2 July 1942, pursuant to which real properties were acquired and a business known as Wanoca Theatre was conducted by the partnership. The plaintiff further alleged that on 2 June 1942, the co-partnership agreement was reduced to writing between the parties, and included the following provision: "It is understood and agreed that in the event of death of P. J. or C. H. Caudell, survivor partner shall have the business at a sum to be paid to the estate of the deceased, at a price in the sum of TEN THOUSAND DOLLARS ($10,000.00). It is agreed that the survivor shall have a lease on said building owned by said parties for a period of ten years, to be paid on a monthly basis of ONE HUNDRED ($100.00) Dollars per month, due and payable first of each month to the estate of the deceased."

The defendant filed a reply to plaintiff's reply and admitted the partnership agreement.

The proceeding came on for trial before Parker, Joseph W., J., at the September 1, 1958 Term of the Superior Court of Duplin County. Four issues were submitted to the jury:

"First: Was the partnership operated as Wanoca Theatre by P. J. Caudell and C. H. Caudell dissolved on May 25, 1945, as alleged?

"Second: If so, was said partnership terminated by a settlement between P. J. Caudell and C. H. Caudell, trading as Wanoca Theatre, on or about May 25, 1945, as alleged?

"Third: Is the cause of action alleged by the defendant J. S. Blair, Administrator, barred by the three-year statute of limitations, as alleged?

"Fourth: Is the defendant J. S. Blair, Administrator, estopped to maintain the above action, as alleged?"

The first issue was answered "Yes" by consent of the parties, and the other three issues were answered, under the direction of the court, "No." The plaintiff tendered judgment against the defendant upon the verdict for the sum of $9,270.60. The court refused the tendered judgment, and signed judgment based on the jury verdict as set out above. Then the court entered an order referring the matter. The referee conducted a hearing and made his report. Objections and exceptions to the report of the referee were filed by both sides.

The cause was re-referred to the referee by Paul, J., and a supplemental report was made by him. Both sides filed objections and exceptions to the supplemental report.

CAUDELL v. BLAIR.

Thereupon the cause came on for hearing before Paul, J., upon the exceptions filed to the referee's report and supplemental report, at the September 1960 Term of the Superior Court of Duplin County, and judgment was entered at the December 5, 1960 Term of Duplin Superior Court.

The pertinent part of the judgment is as follows: "12. That the payment of said $19,270.60 by C. H. Caudell in the manner herein-before set forth represents the full share of P. J. Caudell in the said partnership business other than his interest in the real properties which have been partitioned in the manner hereinbefore set forth; that plaintiff is not indebted to the defendant in any amount beyond the sum heretofore paid into the clerk's office by him, litigated in the above-mentioned action.

"It is therefore ordered and decreed that said Referee's Report and Supplemental Report, as here modified, is approved and confirmed. Each exception by plaintiff, and each exception by defendant, to the Report and Supplemental Report of the Referee in this cause insofar as the findings and conclusions of the Referee do not conform to the judgment, is sustained. Each exception by plaintiff, and each exception by defendant, to the Report and Supplemental Report of the Referee in this cause insofar as the findings and conclusions of the Referee do conform to this judgment, is overruled.

"It is further ordered that the defendant have and recover nothing of the plaintiff, and that plaintiff have and recover nothing of the defendant * * *."

To the entry of the foregoing judgment both plaintiff and defendant object and except and appeal to the Supreme Court, and assign error.

*Jones, Reed & Griffin for plaintiff.*
*Isaac C. Wright, Earlie C. Sanderson for defendant.*

### Defendant's Appeal

WINBORNE, C.J. The pivotal question on defendant's appeal is whether or not the findings of fact and conclusions of law incorporated in the judgment of the court below, and the portions of the referee's report and supplemental report approved therein, are supported by competent evidence.

This action involves a course of dealing between the parties for a substantial period of time, and necessarily contains a long and complicated account. In such case an order for a compulsory reference will be affirmed. G.S. 1-189. *Mfg. Co. v. Horn*, 203 N.C. 732, 167 S.E. 42.

CAUDELL *v.* BLAIR.

Furthermore, it is well settled in this State that the findings of fact made by a referee and approved by the trial judge are not subject to review on appeal, if supported by any competent evidence. *Dorsey v. Mining Co.,* 177 N.C. 60, 97 S.E. 746.

Likewise the judge, upon hearing and considering exceptions to a referee's report and supplemental report, may affirm, overrule, modify or make different or additional findings of fact. This affords no ground for exception on appeal, unless such action by the judge is not supported by sufficient evidence, or error has been committed in receiving or rejecting testimony upon which they are based. G.S. 1-194. *Kenney v. Hotel Co.,* 194 N.C. 44, 138 S.E. 349; *Gurganus v. Mc-Lawhorn,* 212 N.C. 397, 193 S.E. 844. *Threadgill v. Faust,* 213 N.C. 226, 195 S.E. 798; *Ramsey v. Nebel,* 226 N.C. 590, 39 S.E. 2d 616.

Therefore, applying these principles of law to the present case, the conclusion is that the findings of fact by the court from the referee's report and supplemental report, are supported by competent and sufficient evidence. Indeed, the record contains no assignment of error as to the admission of evidence.

Matters to which other exceptions and assignments of error relate have been given due consideration, and in them prejudicial error is not made to appear.

For reasons stated, the judgment from which defendant appeals is affirmed.

### *Plaintiff's Appeal*

Plaintiff's appeal is based on asserted error in failing to adjudge defendant's cross-action barred by the statute of limitations. He pleaded the statute because defendant's cross-action asserted liability beyond the sum which plaintiff paid into court. Judge Paul's judgment, now affirmed on appeal, fixes the amount of plaintiff's liability in the sum admitted by him. Hence it is unnecessary to determine whether the statute of limitations pleaded by plaintiff would have barred defendant's action for anything in excess of the amount adjudged. But having paid into court his admitted liability he will not now be permitted to change his position.

For reasons stated, the judgment from which the plaintiff appeals is affirmed.

On defendant's appeal — affirmed.

On plaintiff's appeal — affirmed.

BOBBITT, J., Concurs in result.

MOORE, J., took no part in the consideration or decision of this case.