MARJORIE J. PINNER v. RICHARD S. PINNER, JR.

No. 762DC833

(Filed 4 May 1977)

1. **Divorce and Alimony § 24.4; Parent and Child § 10— Uniform Reciprocal Enforcement of Support Act — registration and enforcement of foreign order**

    Registration and enforcement of a foreign support order are separate procedures under the Uniform Reciprocal Enforcement of Support Act.

2. **Divorce and Alimony § 24.4; Parent and Child § 10— registration of foreign support order — jurisdiction over person or property**

    Jurisdiction over the person or property of the obligor is not necessary for registration of a foreign support order under G.S. 52A-29.

APPEAL by defendant from *Ward, Judge.* Order entered 13 August 1976 in District Court, BEAUFORT County. Heard in the Court of Appeals 17 March 1977.

Plaintiff obtained a divorce from defendant in 1969 in Florida, where both then resided. Judgment was rendered wherein defendant was ordered to pay alimony in the amount of $450.00 per month until plaintiff remarried.

In May 1976, pursuant to G.S. 52A-29, plaintiff registered the Florida judgment with the Clerk of Superior Court, Beaufort County. In her affidavit plaintiff stated that she was a resident of North Carolina, that she believed defendant was a resident of Pennsylvania, and that defendant was $31,050.00 in arrears in alimony payments. Pursuant to G.S. 52A-29, the clerk sent notice of the registration to the address supplied by plaintiff for defendant. On 8 June 1976, pursuant to G.S. 52A-30 (b), defendant petitioned that the registration be vacated on the grounds that the court lacked jurisdiction over the subject matter or over the person or property of defendant, that

Pinner v. Pinner

service of process was defective, and that the Florida judgment was void because that court lacked jurisdiction over the parties and the subject matter.

At a hearing on 9 August 1976 plaintiff testified in support of registration; defendant presented no evidence. The court found that it had subject matter jurisdiction; that it had jurisdiction *in personam* and *in rem* over the defendant; that plaintiff and the clerk had complied with the procedures for registration and notice under G.S. 52A-29; and that the Florida judgment was not void for any reason alleged by defendant. The court concluded that the Florida judgment had been properly registered pursuant to G.S. Ch. 52A as a foreign judgment of this State.

Defendant appealed.

*Blount, Crisp & Grantmyre by Nelson B. Crisp for plaintiff appellee.*

*McMullan & Knott by Lee E. Knott, Jr., for defendant appellant.*

CLARK, Judge.

The sole issue presented upon appeal is whether jurisdiction over the person or property of a defendant-obligor is necessary in order to register a foreign support order under G.S. 52A-29.

G.S. Ch. 52A, the Uniform Reciprocal Enforcement of Support Act (hereinafter URESA), was first enacted in 1951, and was re-enacted with significant amendments in 1975. S.L. 1951, c. 317, s. 1; S.L. 1975, c. 656, s. 1. As re-enacted, G.S. Ch. 52A very substantially conforms to the 1968 revisions of URESA, which included a new procedure for the registration of foreign support orders. See 9C Uniform Laws Annotated, pp. 805-883 (1973). The provisions in the 1968 revision providing for the registration of foreign support orders have been adopted in twenty-four states, and were first enacted in North Carolina in 1975 as G.S. 52A-26 to G.S. 52A-30. 9C Uniform Laws Annotated, p. 383 (Supp. 1976). A review of the Uniform Laws Annotated reveals that there are no cases in any of the twenty-four states interpreting the sections providing for registration of foreign support orders.

G.S. 52A-29 provides that an "obligee" may register a foreign support order by furnishing certain specified documents to the clerk of court. G.S. 52A-30(a) provides that

> "Upon registration, the registered foreign support order shall be treated in the same manner as a support order issued by a court of this State. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating or staying as a support order of this State and may be enforced and satisfied in like manner."

G.S. 52A-30(b) provides that "The obligor has 20 days after the mailing of notice of the registration in which to petition the court to vacate the registration or for other relief. If he does not so petition, the registered support order is confirmed." G.S. 52A-30(c) concerns the "hearing to *enforce* the registered support order." (Emphasis added.)

[1]    We conclude that these provisions establish a two-step procedure: (1) registration of the order, and if required, a hearing on whether to vacate the registration or grant the "obligor" other relief; and (2) enforcement of the order. Under G.S. 52A-29, the obligee has the option to merely register the order or to register and enforce simultaneously. C. Kelso, Enforcement of Support, 43 Minn. L. Rev. 875, 882-884 (1959). This conclusion is supported by the definitions of "obligor" and "obligee." G.S. 52A-3(6) defines an obligee in pertinent part as "a person . . . that has commenced *a proceeding for enforcement* of an alleged duty of support *or for registration* of a support order . . . ." (Emphasis added.) G.S. 52A-3(7) defines an obligor in pertinent part as "a person . . . against whom a *proceeding for the enforcement* of a duty of support *or registration* of a support order is commenced." (Emphasis added.)

Having concluded that registration and enforcement are separate procedures, we consider whether jurisdiction over the person or property of the obligor is necessary for valid registration. Jurisdiction is the power of the court to decide a matter in controversy, and presupposes the existence of a duly constituted court with control over the subject matter and the parties. *Waters v. McBee*, 244 N.C. 540, 94 S.E. 2d 640 (1956). A judgment or order against a defendant who is not in court in some way sanctioned by law is void for want of jurisdiction. *Koob v. Koob*, 283 N.C. 129, 195 S.E. 2d 552 (1973) ; *Richards v. Nation-*

*wide Homes,* 263 N.C. 295, 139 S.E. 2d 645 (1965). In the present case we are not concerned with the limited judicial *power* of the Clerk of Court to render judgments or issue orders. See 3 Strong, N. C. Index, Clerks of Court § 1 (3d ed. 1976). Rather we are here concerned with the *duty* of the clerk to register a foreign judgment properly presented under G.S. 52A-29. "Unless otherwise specifically authorized by statute, the duty of the clerk of court to file papers presented to him is purely ministerial and he may not refuse to perform such duty except upon order of the court." 15A Am. Jur. 2d, Clerks of Court § 23, p. 158 (1976). The mere registration of a foreign support order presented by the obligee under G.S. 52A-29 is a ministerial duty of the clerk. By that act no court or agency of the state is purporting to exercise power over the obligor or his property. Registration does not prejudice any rights of the obligor; it merely changes the status of the foreign support order by allowing it to be treated the same as a support order issued by a court of North Carolina. G.S. 52A-30. Once the order is so treated the obligee or the obligor may request modifications in the order, and when the obligee attempts to enforce the order, the court must determine whether jurisdiction exists over the person or property of the obligor and what amount, if any, is in arrears. W. Brockelbank, *Interstate Enforcement of Family Support (The Runaway Pappy Act),* pp 77-87 (Infausto ed. 1971).

[2]   We conclude that jurisdiction over the person or property of the obligor is unnecessary for registration of a foreign support order, and that no error was committed in confirming the registration of the order in the present case.

In the present case, plaintiff seeks only to register the support order, not to enforce it. Since it was not necessary to determine whether jurisdiction over the person or property of the defendant existed, we declined to review that part of the order until the issue is properly presented. *Caudell v. Blair,* 254 N.C. 438, 119 S.E. 2d 172 (1961) ; 1 Strong, N. C. Index, Appeal and Error § 2 (3d ed. 1976).

The superfluous jurisdictional findings should not bind the defendant-obligor in any proceeding to enforce the support order. We note that G.S. 52A-22 provides that participation in any proceeding under the URESA "does not confer jurisdiction upon any court over any of the parties thereto in any

other proceeding." This provision, and our decision not to review the superfluous jurisdictional findings made by the trial court at the hearing on registration, should make it clear that this obligor may raise the defenses of lack of jurisdiction over his person or property at any proceeding on enforcement.

Affirmed.

Judges BRITT and HEDRICK concur.