[No. A016809. First Dist., Div. Two. Nov. 21, 1984.]

BRIGITTA GINGOLD, Plaintiff and Appellant, v.
JULIAN GINGOLD, Defendant and Respondent.

**COUNSEL**

John K. Van de Kamp, Attorney General, Ann K. Jensen and Gloria F. DeHart, Deputy Attorneys General, for Plaintiff and Appellant.

Adams & Dornan, Judith H. B. Cohen and Barbara R. Dornan for Defendant and Respondent.

**OPINION**

**KLINE, P. J.**—Appellant, Brigitta Gingold, appeals from an order granting the petition of respondent, Julian Gingold, to vacate the registration of a New York support order pursuant to the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), Code of Civil Procedure section 1650 et seq.[1] The court below granted the petition on the ground that a California court lacks jurisdiction to confirm a registered support order where California does not have jurisdiction over the obligor. We conclude that lack of jurisdiction over the obligor is not a proper basis upon which to vacate the registration of a foreign support order and accordingly reverse.

The procedure for registration of a foreign support order in California was added to RURESA in 1974 and is set forth in sections 1697 through 1699. Its purpose is to provide a more efficient method of enforcement of foreign support orders. (See 5 Witkin, Cal. Procedure (2d ed. 1983 supp. to vol. 5) Enforcement of Judgment, § 195F, p. 98; Comment, *Review of Selected 1974 California Legislation* (1975) 6 Pacific L.J. 125, 204.) Section 1698 provides: "The obligee may register the foreign support order in

---

[1]All statutory references are to the Code of Civil Procedure.

a court of this state in the manner, with the effect, and for the purposes provided in [chapter 3, Civil Enforcement]."

Section 1698.3, subdivision (a), requires that an obligee seeking to register an order transmit to the clerk of the court (1) three copies of the order with all modifications thereof, (2) a copy of the reciprocal enforcement of support act of the state which rendered the order, and (3) a statement verified and signed by the obligee setting forth information regarding the address of the obligor, the amount of support remaining unpaid, a description and the location of any property of the obligor available upon execution, and a list of the states in which the order is registered. The clerk of the court must file the documents in the registry of foreign support orders upon receipt, and such filing constitutes registration.[2] (*Ibid.*) The clerk then sends, by any form of mail requiring a return receipt from the addressee only, a notice of the registration, and proof must be made to the satisfaction of the court that the obligor personally received the notice of registration by mail or other method of service.

Section 1699 provides for the effect of registration of a foreign support order, stating in relevant part: "(a) Upon registration the registered foreign support orders shall be treated in the same manner as a support order issued by a court of this state. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this state and may be enforced and satisfied in like manner. [¶] (b) The obligor has 20 days after the mailing or other service of notice of the registration in which to petition the court to vacate the registration or for other relief. If he does not so petition the registered support order is confirmed."

The parties to this proceeding were divorced in New York in September 1968. The decree of divorce provided that respondent pay to appellant $800 per month for her support, until her death or remarriage, and $300 per month for the support of the parties' minor daughter, born April 26, 1966. Appellant moved away from New York with the child in 1972, apparently living for periods of time in Connecticut, California, Sweden and again California.

On August 7, 1981, the District Attorney of Marin County filed a statement on behalf of appellant, a resident of that county, to register the support order embodied in the New York divorce decree in the Superior Court for

---

[2]Although respondent urged in the trial court that the procedural requirements for registering the support order were not all met, he does not raise this issue on appeal and apparently concedes that the order was properly registered.

Marin County, alleging that support of $88,000 was due and unpaid as of July 31, 1981. The statement did not contain any description of property available upon execution. Thereafter, respondent petitioned the court to vacate the registration of the support order on the grounds that (1) the order was not properly registered, (2) the statement to register the order failed to disclose facts sufficient to establish the jurisdiction of the court over respondent, and (3) the respondent was not subject to the jurisdiction of the court because there existed no basis for California to exercise personal, in rem or quasi-in rem jurisdiction with respect to him or his property. In support of his petition, respondent filed a declaration stating that he was a resident of New York and had been such since the divorce, and stating that he owned no property, real or personal, located in California.

The trial court granted the motion to vacate the registration, ruling that there was no basis for California to exercise jurisdiction over the person or the property of respondent, that California therefore could not constitutionally modify the order, and that there is no significant difference between modifying and enforcing such an order.

■ Appellant contends that there is indeed a significant difference between establishing or modifying a support order, on the one hand, and enforcing an existing order, on the other. She concedes that a basis for the exercise of jurisdiction over an alleged obligor is a prerequisite for a court to establish or modify a support obligation, but argues that no basis for jurisdiction over an obligor is required for a court to confirm the registration of a support order issued by another state, which did have jurisdiction over the obligor, pursuant to RURESA. We agree.

■ It is settled that California may not exercise in personam jurisdiction over a nonresident, nondomiciliary obligor to modify child support obligations unless jurisdiction is established through sufficient minimum contacts within the state. (*Kulko* v. *California Superior Court* (1978) 436 U.S. 84 [56 L.Ed.2d 132, 98 S.Ct. 1690]; *Kumar* v. *Superior Court* (1982) 32 Cal.3d 689, 703-704 [186 Cal.Rptr. 772, 652 P.2d 1003].) It has never been suggested by appellant that respondent has such minimum contacts within California. ■ ■ ■ She contends, however, that jurisdiction over respondent, and, hence, such minimum contacts, need not be established in order to register or enforce a foreign support order under RURESA.[3] Respondent contends that such jurisdiction is necessary.

---

[3]The constitutional standard for determining whether a state may exercise in personam jurisdiction over a party was set forth in *Internat. Shoe Co.* v. *Washington* (1945) 326 U.S. 310, 316 [90 L.Ed. 95, 102, 66 S.Ct. 154, 161 A.L.R. 1057]: that a defendant "have certain minimum contacts with [the forum State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice,'" quoting *Milliken* v. *Meyer* (1940) 311 U.S. 457, 463 [85 L.Ed. 278, 283, 61 S.Ct. 339, 132 A.L.R. 1357]. In

In *Kulko* v. *California Superior Court, supra,* 436 U.S. 84, the Supreme Court recognized that while jurisdiction over the obligor is required in a proceeding to establish or modify a support obligation, it is not required for purposes of enforcing a support judgment issued by a foreign state having jurisdiction over the obligor. Although holding that California state courts could not modify the support obligations of Mr. Kulko, a resident of New York who did not have the requisite minimum contacts with California, the court observed that "if a judgment were entered by a New York court increasing [his] child-support obligations, it could properly be enforced against him in both New York and California. [Fn.]" (*Kulko* v. *California Superior Court, supra,* 436 U.S. at p. 95 [56 L.Ed.2d at p. 143].) And, in *Shaffer* v. *Heitner* (1977) 433 U.S. 186, 210 [53 L.Ed.2d 683, 702], the court observed: "[W]e know of nothing to justify the assumption that a debtor can avoid paying his obligations by removing his property to a State in which his creditor cannot obtain personal jurisdiction over him. [Fn.] The Full Faith and Credit Clause, after all, makes the valid *in personam* judgment of one State enforceable in all other States. [Fn. 36.]" Footnote 36 of the court's opinion states: "Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter. [Citation.]" (*Id.,* 433 U.S. at pp. 210-211, fn. 36 [53 L.Ed.2d at p. 702].)

■ Although it is not clear whether state courts are constitutionally bound to give full faith and credit to modifiable support decrees of sister states,[4] RURESA legislatively requires that California courts recognize and enforce foreign support decrees regardless of whether they are modifiable. (*Worthley* v. *Worthley* (1955) 44 Cal.2d 465, 472 [283 P.2d 19].)[5] ■ Registration is, obviously, merely a preliminary step toward enforcement of a support order. If the order was issued by a court having jurisdiction over the obligor, it is valid and enforceable under the principles set forth in *Kulko* v. *California Superior Court, supra,* 436 U.S. 84. If the issuing

---

*Shaffer* v. *Heitner* (1977) 433 U.S. 186, 207 [53 L.Ed.2d 683, 699, 97 S.Ct. 2569], the Supreme Court held that the same test of "fair play and substantial justice" governs assertions of jurisdiction in rem and quasi-in rem. Just as there is no contention in this case that there is a basis for the exercise of in personam jurisdiction over respondent, there is likewise no contention that any basis for the exercise of in rem or quasi in rem jurisdiction exists.

[4]See, e.g., *Halvey* v. *Halvey* (1947) 330 U.S. 610 [91 L.Ed. 1133, 67 S.Ct. 903]; *Griffin* v. *Griffin* (1946) 327 U.S. 220, 247-248, footnote 12 [90 L.Ed. 635, 650-651, 66 S.Ct. 556]; *Barber* v. *Barber* (1944) 323 U.S. 77 [89 L.Ed. 82, 65 S.Ct. 137, 157 A.L.R. 163].

[5]*Worthley* was decided prior to the adoption of the registration procedure and involved an action on the foreign judgment. As the registration procedure is merely a simplified method of enforcement, its adoption in no way affects this holding in *Worthley*. (See *In re Straeck* (1984) 156 Cal.App.3d 617, 622-623 [203 Cal.Rptr. 69].)

court did not have such jurisdiction the obligor may base a motion to vacate the registration under section 1699, subdivision (b), on that ground.

Courts in other jurisdictions have held that personal jurisdiction over the obligor is not a prerequisite to registration of a foreign support order under the Uniform Reciprocal Enforcement of Support Act. In *Pinner* v. *Pinner* (1977) 33 N.C.App. 204 [234 S.E.2d 633], an obligee, who was a resident of North Carolina, sought to register in that state a Florida support order against an obligor who was not a resident of North Carolina. In response to the obligor's contention that the registration should be vacated on the ground that the North Carolina court lacked jurisdiction over his person or property, the court stated: "The mere registration of a foreign support order presented by the obligee under [the North Carolina statute providing for registration] is a ministerial duty of the clerk. By that act no court or agency of the state is purporting to exercise power over the obligor or his property. Registration does not prejudice any rights of the obligor; it merely changes the status of the foreign support order by allowing it to be treated the same as a support order issued by a court of North Carolina. . . . [¶] We conclude that jurisdiction over the person or property of the obligor is unnecessary for registration of a foreign support order . . . ." (*Id.*, 234 S.E.2d at p. 636.)

The *Pinner* holding has been reaffirmed in *Fleming* v. *Fleming* (1980) 49 N.C.App. [271 S.E.2d 584] and *Stevens* v. *Stevens* (1984) 68 N.C.App. 234 [314 S.E.2d 786]. Citing *Pinner* and *Fleming*, the Supreme Court of Alaska has recently ruled that "an obligee can *register* a judgment in Alaska, regardless of the obligor's presence in this state and regardless of whether the obligor has sufficient minimum contacts with this state to satisfy due process." (*Lagerwey* v. *Lagerwey* (Alaska 1984) 681 P.2d 309, 311 [involving registration of a Washington support order].)

■ We agree with the decisions of the North Carolina and Alaska courts and similarly hold that it is not necessary for a California court to have jurisdiction over the person or property of an obligor in order to validly register a foreign support order pursuant to RURESA.

■ Respondent contends that in order to register a support order the obligee must establish that property of the obligor is available upon execution. Although section 1698.3, subdivision (a)(3), requires that the obligee provide "a description and the location of any property of the obligor available upon execution," we do not interpret that provision as precluding registration where the obligee is not currently aware of assets of the obligor subject to execution. At the hearing on the motion to vacate, appellant's counsel indicated that he had information which might lead to locating such

assets. We see no reason why registration cannot occur before assets are located and certainly find no provision to the contrary in RURESA. If and when assets are located, execution can be sought immediately when a support order has already been confirmed, thereby furthering the policies of RURESA to promote efficient enforcement.

Respondent also contends that the registration provisions of RURESA were not intended to apply to a situation in which the obligor has not moved into the state in which registration is sought, as RURESA was designed tó protect the "deserted spouse" left behind, not the "deserting spouse". This contention must be rejected. The California Supreme Court has noted that RURESA applies regardless of which spouse has moved, protecting a moving obligee as well as a deserted obligee. (*Moffat* v. *Moffat* (1980) 27 Cal.3d 645, 650, fn. 3 [165 Cal.Rptr. 877, 612 P.2d 967].) To accept respondent's argument would mean that an obligor could avoid enforcement by moving assets into various states without moving himself, a result clearly at odds with the purposes of RURESA.

Respondent correctly points out that under section 1670 the duties of support under RURESA are governed by the laws of any state where the obligor was present for the period during which support is sought, and that New York law will therefore apply to any defenses respondent may have to enforcement of the support order. He then urges that California should defer to New York as the better forum to apply its own law. This argument is without merit. California courts commonly apply the laws of other states in RURESA actions. (See, e.g., *Creed* v. *Schultz* (1983) 148 Cal.App.3d 733, 741 [196 Cal.Rptr. 252], and cases cited; cf. *Worthley* v. *Worthley, supra,* 44 Cal.2d 465, 468.) In the event that appellant seeks to enforce the registered order and respondent seeks to prevent enforcement on the basis of New York law, the California courts are perfectly capable of determining any issue governed by the law of New York.

The order granting respondent's petition to vacate registration of the foreign support order is reversed.

Rouse, J., and Smith, J., concurred.

A petition for a rehearing was denied December 18, 1984.