RHONDA L. WILSON, APPELLANT, V. PAUL E. RANSOM, APPELLEE.
446 N.W.2d 6

Filed September 22, 1989.   No. 87-1065.

Patrick Kelly, Sarpy County Attorney, and Anthony C. Nanfito for appellant.

Roger R. Holthaus for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding under Neb. Rev. Stat. § 42-7,100 (Reissue 1988) to register a foreign support order under the Revised Uniform Reciprocal Enforcement of Support Act (URESA). The order sought to be registered was entered in Montana on November 1, 1979, and required the appellee, Paul E. Ransom, to pay $75 per month per child to the appellant, Rhonda L. Wilson, for the support of their three minor children.

Pursuant to the act, copies of the foreign support order were filed in the office of the clerk of the district court for Sarpy County, Nebraska, on September 8, 1987, together with the other documents required by the act. § 42-7,100(a). The act provides:

> Upon registration the registered foreign support order shall be treated in the same manner as a support order issued by a court of this state. It shall have the same effect and shall be subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this state and may be enforced and satisfied in like manner.

Neb. Rev. Stat. § 42-7,101(a) (Reissue 1988).

The act further provides, in § 42-7,101(c):

> At the hearing to enforce the registered support order, the obligor may present only matters that would be available to the obligor as defenses in an action to enforce a foreign money judgment. If the obligor shows to the court that an appeal from the order is pending, or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the order until the appeal is concluded, the time for appeal has expired, or the order is vacated, upon satisfactory proof that the obligor has furnished security

for payment of the support ordered as required by the rendering state. If the obligor shows to the court any ground upon which enforcement of a support order of this state may be stayed, the court shall stay enforcement of the order for an appropriate period if the obligor furnishes the same security for payment of the support ordered that is required for a support order of this state.

The appellee, although notified as provided in the act, did not petition the trial court to vacate the registration or for other relief, so on November 10, 1987, the trial court entered an order confirming the registration. The order, however, was entitled "Judgment In Rem," and recited:

This Order confirming the registration is a judgment in rem, and not a judgment in personam.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED the Decree of Dissolution is hereby confirmed as a registered judgment of this Court pursuant to Neb. Rev. Stat. § 42-796 [et] seq.

IT IS FURTHER ORDERED this is a judgment in rem and not a judgment in personam.

The trial court overruled the appellant's motion for a new trial "for the reason that the pleadings indicate that there are no contacts between [Paul Ransom] and the State of Nebraska, that [Paul Ransom] has never been personally served, and that any statutary [sic] provision indicating the registration should be in personum [sic] is constitutionally defective."

Rhonda Wilson, the obligee and respondent in the Montana proceeding, has appealed to this court and contends that the trial court erred in designating the registration of the Montana support order as a judgment in rem.

The act provides, in § 42-7,101(c), that at the hearing to enforce a registered support order, the obligor may present matters that would be available to the obligor as defenses in an action to enforce a foreign money judgment.

In *Pinner v. Pinner*, 33 N.C. App. 204, 234 S.E.2d 633 (1977), the court considered whether jurisdiction over the person or property of a defendant-obligor is necessary in order to register a foreign support order under URESA. The Pinners had been divorced in Florida in 1969, and the defendant

husband was ordered to pay $450 per month alimony. In May 1976, the wife registered the Florida judgment in North Carolina. Her affidavit stated that she resided in North Carolina, that she believed defendant resided in Pennsylvania, and that defendant was $31,050 in arrears in alimony payments. Notice of registration was sent to the defendant. He petitioned that the registration be vacated on the grounds that the court lacked jurisdiction over the subject matter or over the person or property of the defendant, that service of process was defective, and that the Florida judgment was void because that court lacked jurisdiction over the parties and the subject matter. After a hearing, the trial court concluded that the Florida judgment had been properly registered as a foreign judgment.

The statutes involved were substantially similar to Nebraska's § 42-7,101. The North Carolina court held first that the URESA registration provisions establish a two-step procedure: "(1) registration of the order, and if required, a hearing on whether to vacate the registration or grant the 'obligor' other relief; and (2) enforcement of the order." *Pinner v. Pinner, supra* at 206, 234 S.E.2d at 635. The court concluded that the obligee had the option to merely register the order or to register and enforce it simultaneously.

The court then considered whether jurisdiction over the person or property of the obligor was necessary for a valid registration.

> Jurisdiction is the power of the court to decide a matter in controversy, and presupposes the existence of a duly constituted court with control over the subject matter and the parties. . . . A judgment or order against a defendant who is not in court in some way sanctioned by law is void for want of jurisdiction. . . . In the present case we are not concerned with the limited judicial *power* of the Clerk of Court to render judgments or issue orders. . . . Rather we are here concerned with the *duty* of the clerk to register a foreign judgment properly presented under [URESA].

(Citations omitted.) *Pinner v. Pinner, supra* at 206-07, 234 S.E.2d at 636. The court held that jurisdiction over the person or property of the obligor was unnecessary for registration of a foreign support order. See, also, *Fleming v. Fleming,* 49

N.C. App. 345, 271 S.E.2d 584 (1980).

> The mere registration of a foreign support order presented by the obligee under [URESA] is a ministerial duty of the clerk. By that act no court or agency of the state is purporting to exercise power over the obligor or his property. Registration does not prejudice any rights of the obligor; it merely changes the status of the foreign support order by allowing it to be treated the same as a support order issued by a court of North Carolina. Once the order is so treated the obligee or the obligor may request modifications in the order, and when the obligee attempts to enforce the order, the court must determine whether jurisdiction exists over the person or property of the obligor and what amount, if any, is in arrears.

*Pinner v. Pinner, supra* at 207, 234 S.E.2d at 636. Finally, the court determined that language in the confirmation order purporting to find personal jurisdiction was superfluous and would not bind the defendant in subsequent enforcement proceedings.

The *Pinner* court's analysis has been adopted in other jurisdictions. In *Lagerwey v. Lagerwey*, 681 P.2d 309 (Alaska 1984), the parties were divorced in Washington in 1978, and the husband was ordered to pay $250 per month for the support of two minor children. The husband continued to reside in Washington. The wife moved to Alaska and, in August 1982, filed a motion to obtain an Alaska judgment for arrears on the Washington divorce decree. The motion was denied on the ground that the Alaska court lacked personal jurisdiction over the husband.

The court held, first, that to the extent that the relief sought by the wife was for an adjudication to determine the amount of arrears owed in Washington, lack of personal jurisdiction was no bar to the action. Second, under URESA, "an obligee can *register* a judgment in Alaska, regardless of the obligor's presence in this state and regardless of whether the obligor has sufficient minimum contacts with this state to satisfy due process." *Lagerwey v. Lagerwey, supra* at 311 (citing *Fleming v. Fleming, supra*, and *Pinner v. Pinner, supra*).

Third, the court distinguished between registration and

enforcement of a support order. The court determined that the judgment should have been registered, but that to the extent that the wife initiated the proceeding to invoke the assistance of the Washington courts in collecting the arrears, her complaint should have been forwarded to Washington under another URESA provision.

In considering whether the lower court properly declined to issue a judgment for arrears, the court stated:

> In this case, the question is whether an Alaska court is authorized to issue a judgment for arrears on a properly registered foreign support order, without personal jurisdiction. If the foreign support order were retrospectively modifiable as to the amount due in the state of its issuance, then it would be improper for a court of this state to issue a judgment for arrears without first obtaining personal jurisdiction over the obligor and affording him an opportunity to litigate the propriety of such a modification. However, when the foreign support order is a final judgment entitled to full faith and credit in this state and the obligor has been properly notified so as to satisfy the due process clause, personal jurisdiction over the obligor is not a prerequisite to the issuance of a judgment for arrears. *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). Given a final and presumptively non-modifiable support order, issuance of a judgment for arrears is an exercise in arithmetic, nothing more. It is when the obligee attempts to execute on property, attach wages, or otherwise *enforce* the judgment that the obligor's interests are affected. At that stage, a registering state can exercise *in rem* jurisdiction over the obligor's property in the state without any personal jurisdiction, so long as the obligor/judgment debtor is given an opportunity to respond by showing the judgment has been satisfied. [Citations omitted.]

*Lagerwey v. Lagerwey, supra* at 312-13.

In *Gingold v. Gingold*, 161 Cal. App. 3d 1177, 208 Cal. Rptr. 123 (1984), the court of appeal held that lack of jurisdiction over the obligor was not a proper basis upon which to vacate the registration of a foreign support order. The parties in *Gingold*

were divorced in New York in 1968. The husband was ordered to pay $800 per month alimony and $300 per month for the support of the parties' minor child. In 1981, the wife sought to register the New York decree in California, alleging that support of $88,000 was due as of July 1981. The husband petitioned the court to vacate the registration, alleging, in part, that he was not subject to the jurisdiction of the court because there existed no basis for California to exercise personal, in rem, or quasi in rem jurisdiction with respect to him or his property. The trial court vacated the registration on these grounds.

In reversing, the court of appeal held that "it is not necessary for a California court to have jurisdiction over the person or property of an obligor in order to validly register a foreign support order pursuant to RURESA." *Gingold v. Gingold, supra* at 1185, 208 Cal. Rptr. at 127.

Finally, in *In re Davanis v. Davanis*, 132 Wis. 2d 318, 392 N.W.2d 108 (1986), the parties were married in Wisconsin in 1970 and moved to California in 1971. They were divorced in California in 1979; the wife and child moved back to Wisconsin while the divorce was pending. In 1983, the wife registered the California divorce judgment in Wisconsin pursuant to URESA. The husband filed no response to the registration procedure and made no appearance.

In 1984, however, the Wisconsin court signed an order requiring the husband to show cause why an order increasing the monthly child support payments should not be entered. The trial court later issued a written decision holding that it was without the personal jurisdiction over the husband necessary to proceed in the matter. On appeal, the wife claimed that the husband waived any defense based on lack of personal jurisdiction because he failed to object to jurisdiction in the registration proceeding.

The Wisconsin Court of Appeals adopted the reasoning of *Pinner v. Pinner*, 33 N.C. App. 204, 234 S.E.2d 633 (1977), holding that jurisdiction over the person is not necessary for registration of a foreign support order pursuant to URESA when no affirmative relief is requested.

Mere registration without further action does not subject

the obligor to any peril which would motivate a reasonable person to come forward and object to the court's jurisdiction. We therefore hold that an obligor may raise a challenge to the court's exercise of personal jurisdiction at a subsequent enforcement proceeding.

*In re Davanis v. Davanis, supra* at 327, 392 N.W.2d at 112.

The trial court was in error in designating the registration of the Montana support order a judgment in rem. Under the act, the filing of the documents specified in § 42-7,100 constitutes the registration of the foreign support order. The confirmation order merely establishes that the registration procedure was proper and that the obligor has not petitioned the court to vacate the registration or for other relief.

At a hearing to enforce the order, the obligor may present any defense that would be available in an action to enforce a foreign money judgment.

The cause is remanded to the district court with directions to delete all provisions in the order of November 10, 1987, reciting that the order confirming registration of the Montana support order is a judgment in rem. In all other respects, the order confirming registration is affirmed.

AFFIRMED AS MODIFIED, AND CAUSE
REMANDED WITH DIRECTIONS.