**DIVISION OF CHILD SUPPORT ENFORCEMENT/Dana L. HARRIS, Petitioner,**

v.

**David A. HARRIS, Respondent.**

Family Court of Delaware, Sussex County.

Submitted: Jan. 4, 1991.
Decided: Feb. 11, 1991.

Kathryn Magee, Div. of Child Support Enforcement, Georgetown, for petitioner.

David A. Harris, pro se.

### OPINION

ROBINSON, Judge.

Before the Court is petitioner's Motion to Dismiss respondent's application for a Review De Novo.

Petitioner, a resident of Oklahoma, filed a Uniform Support Petition in this jurisdiction on August 21, 1990 pursuant to the provision of the Uniform Reciprocal Enforcement of Support Act (URESA). Petitioner requested child support in the amount of $800 per month.

At a Master's hearing held on November 1, 1990, Deputy Attorney General Magee informed the Master that the parties had reached an agreement to register the Oklahoma order by which respondent was obligated to pay $800 current support. The

Master also set respondent's arrears at $15,300 based on the Oklahoma order, and directed respondent to pay $300 toward these arrears, for a total support obligation of $1,100 per month, effective November 15, 1990. Respondent agreed to this liquidation of arrears.

The parties decided to stay a wage attachment, and respondent promised to pay 85 percent of all medical costs incurred on behalf of their child not covered by insurance.

Just one week later on November 9, 1990, respondent petitioned for a Review De Novo of the Master's order, claiming that the original child support was based on a substantially greater income than he was currently earning. This Court entered an interim order on November 14, 1990 directing respondent to continue to pay $800 current support and $300 per month for arrears until respondent's Review De Novo could be heard and decided by a judge.

Petitioner moved to dismiss the petition for Review De Novo on December 19, 1990 and a response was filed January 4, 1991.

After considering the motion and response, the information contained in the pleadings and the Court's file in the matter, the Motion to Dismiss is granted.

■ First, dismissal is appropriate here given the fact that at the Master's hearing respondent agreed to the original Oklahoma order, agreed to registration and agreed to the amount of arrears. This, then, is not a situation where respondent disputes the Master's factual findings or application of the law. It is more akin to a consent agreement of the parties, which by virtue of the Master's signature, received the imprimatur of the Court. A Review De Novo is not appropriate under these circumstances and the Master should have stricken from the order the language advising the parties of their right to a Review De Novo.

■ Second, it appears that the relief requested by respondent on his Review De Novo—a modification of the amount of support—would be raised on a petition for modification and not on review de novo. The petition filed in this Court sought no deviation from the Oklahoma order and the transmittal requested registration and enforcement of that order. Upon such a petition the Court should not open the matter for modification. It is the established practice in Delaware that Delaware child support orders may not be altered through enforcement proceedings; rather, parties who seek to have the amount of support increased or decreased are required to file a petition to modify. This practice should apply to URESA proceedings as well.

■ URESA is silent as to whether or how courts in responding states may modify a foreign support order registered in those responding states. However, a fair reading of the Act permits a responding state to modify another state's order on a proper petition. Section 639(c) of the Delaware URESA directs that, upon registration, the foreign support order is to be treated "in the same manner as a support order issued by a Court of this State. It shall have the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this State...." In other words, this language provides that a duly registered foreign order is to be treated as a Delaware order. And since Delaware law provides for modification of local orders upon a showing of changed circumstances, foreign orders domesticated through a URESA registration should similarly be open to modification. This appears to be the position of a majority of courts that have addressed the issue. See, e.g. *Lagerwey v. Lagerwey*, 681 P.2d 309 (Alaska 1984); *In re Marriage of Aron*, 224 Cal.App.3d 1086, 274 Cal.Rptr. 357 (1990); *Pinner v. Pinner*, 33 N.C.App. 204, 234 S.E.2d 633 (1977). See also Haynes, *Interstate Child Support Remedies*, Ch. 4, Center on Children & the Law, and Office of Child Support Enforcement (Sept.1989). However, under established Delaware procedure, the Court should not consider modification of the underlying order in an enforcement proceeding. Rather, the party

seeking modification should file a petition to that effect.

In the case at bar, the Court has in its file the General Testimony for URESA which was submitted with Petitioner's filing and includes complete financial information. This should give the Court sufficient information to make an informed decision on the issue of modification.

In accord with the foregoing, the Review De Novo of David Allen Harris is dismissed. He may file with the Court a Petition to Modify (Form 342).

IT IS SO ORDERED.