**In re the Marriage of Vickie SCOTT, n/k/a Vickie Anderson, Petitioner, Respondent,**

v.

**Bradney E. SCOTT, Appellant.**

**No. C4–92–931.**

Court of Appeals of Minnesota.

Nov. 24, 1992.

Maureen M. O'Phelan, Lawrence D. Olson & Associates, St. Paul, for respondent.

John R. Hill, Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, for appellant.

Considered and decided by KLAPHAKE, P.J., RANDALL and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Respondent Vickie Scott, now known as Vickie Anderson, relocated to Minnesota after the parties' marriage was dissolved in Arizona. Respondent registered the Arizona decree in Washington County, and moved for modification of child custody and support. Appellant Bradney E. Scott challenges the trial court's denial of his motion to dismiss the support modification proceeding for lack of personal jurisdiction.

## FACTS

The parties were married in Arizona in 1982, and their marriage was dissolved there in 1985. The parties were awarded joint legal and physical custody of their daughter. Each party has a support obligation during the time the child resides with the other parent.

Respondent and the daughter moved to Minnesota in 1986. Appellant is a legal

resident of Nebraska, and has been stationed in Iceland on active duty with the United States Air Force since 1990.

During the marriage, the parties went to Minnesota occasionally to visit respondent's parents. Since the dissolution, appellant has been to Minnesota on five occasions. In 1986, 1987, and 1988, appellant was in this state briefly to pick up his daughter for visitation. In 1990 appellant had a six-hour layover at the Minneapolis/St. Paul airport. Appellant's last contacts, in June 1991, were to contest respondent's custody modification motion and to pick up his daughter for visitation.

In May 1991, respondent filed a certified copy of the Arizona dissolution decree with the Washington County trial court administrator, with a request that the decree be registered. At the same time, appellant served and filed her motions for modification of child custody and support. On May 7, 1991, the trial court administrator sent notice of filing of the Arizona decree to appellant by certified mail. Appellant did not petition to vacate the registration within the statutorily prescribed 20–day period. This appeal followed the trial court's denial of appellant's motion to dismiss the support modification proceeding for lack of personal jurisdiction.

## ISSUE

Did appellant waive the defense of lack of personal jurisdiction by failing to object to the registration of the Arizona decree?

## ANALYSIS

In determining whether personal jurisdiction exists, this court is not bound by the ultimate legal conclusions of the trial court. *Mahoney v. Mahoney*, 433 N.W.2d 115, 117 (Minn.App.1988), *pet. for rev. denied* (Minn. Feb. 10, 1989).

A Minnesota court must resolve two issues before it can exercise personal jurisdiction over a nonresident defendant. *Sherburne County Social Servs. v. Kennedy*, 426 N.W.2d 866, 867 (Minn.1988). It must first determine whether the statutory standard of our long-arm statute is satisfied, and if so, whether there are such minimum contacts between the defendant and the state that the exercise of personal jurisdiction would not offend due process. *Id.* (citations omitted).

In this case, it is undisputed that the long-arm statute, Minn.Stat. § 542.19 (1990), does not confer personal jurisdiction over appellant. *See Ferguson v. Ferguson*, 411 N.W.2d 238, 240 (Minn.App.1987) (nonresident's appearance in Minnesota on custody and visitation matters does not satisfy the standard of the long-arm statute for personal jurisdiction to determine child support modification).

However, the requirement of personal jurisdiction is an individual right which can be waived. *North Cent. Servs., Inc. v. Eastern Communications, Inc.*, 379 N.W.2d 708, 710 (Minn.App.1986) (citations omitted). Respondent contends that appellant consented to personal jurisdiction of the Minnesota courts by failing to object to the registration of the Arizona decree in this state. We disagree.

Under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), if the duty of support is based on a foreign support order, the obligee may register the foreign support order in a court of this state. Minn.Stat. § 518C.22 (1990). The court administrator is required to promptly send a notice of the registration to the obligor by certified or registered mail. Minn.Stat. § 518C.24, subd. 2 (1990). If the obligor does not petition to vacate the registration within 20 days after the notice is mailed, the registered support order is confirmed. Minn.Stat. § 518C.25, subd. 2 (1990). Upon registration, the foreign support order is treated in the same manner as a support order issued by the court of this state and is subject to the same procedures for reopening, vacating, or staying as a support order of this state. Minn.Stat. § 518C.25, subd. 1 (1990).

The North Carolina Court of Appeals has distinguished between registration and enforcement of the foreign support order in construing identical RURESA provisions. *See Pinner v. Pinner,* 33 N.C.App. 204, 234 S.E.2d 633, 635 (1977). The *Pinner* court held that personal jurisdiction is not necessary for registration of the foreign support order under RURESA because the act of registration "does not prejudice any rights of the obligor, [but] merely changes the status of the foreign support order by allowing it to be treated the same as a support order issued by a court of [the registering state]." *Pinner,* 234 S.E.2d at 636. When the obligee requests modification or enforcement of the registered order, however, the court must then determine whether jurisdiction exists over the person or property of the obligor. *Id.* We find the reasoning of the *Pinner* court persuasive, and note that it has been adopted in a number of other jurisdictions. *See Lagerwey v. Lagerwey,* 681 P.2d 309, 311 (Alaska 1984); *Wilson v. Ransom,* 233 Neb. 427, 446 N.W.2d 6, 9 (1989); *Stephens v. Stephens,* 229 Va. 610, 331 S.E.2d 484, 489 (1985); *Davanis v. Davanis,* 132 Wis.2d 318, 392 N.W.2d 108, 111–12 (Ct. App.1986).

The Wisconsin Court of Appeals held that an obligor is not required to object to the state's jurisdiction at the time of registration when no affirmative relief is requested. *Davanis,* 392 N.W.2d at 112. In *Davanis,* the obligee's motion for modification of child support was brought six months after the foreign support order was registered. *Id.* 392 N.W.2d at 110. In this case respondent simultaneously sought registration and modification of the Arizona support order. The *Davanis* court specifically left open the question of whether challenges to jurisdiction may be made either at the time of registration or at a subsequent enforcement proceeding. *Id.* 392 N.W.2d at 112 n. 5.

The purpose of the proceeding to vacate registration of the foreign support order is to contest the original or continuing validity of the foreign support order itself. *See In re Marriage of Aron,* 224 Cal.App.3d 1086, 274 Cal.Rptr. 357, 360 (1990). In this case, appellant does not challenge the validity of the Arizona decree and therefore had no reason to petition the court to vacate the registration.

We hold that an obligor is not required to object to the court's jurisdiction to *modify* a foreign support order in a proceeding to register the order under Minn.Stat. §§ 518C.22–.25. In this case, appellant properly raised the jurisdictional challenge in his motion to dismiss the support modification proceeding. Our long-arm statute does not confer personal jurisdiction over appellant, and the trial court erred in refusing to dismiss the child support modification motion.[1]

## DECISION

The trial court erred in denying appellant's motion to dismiss for lack of personal jurisdiction. Minnesota's long-arm statute does not confer personal jurisdiction over appellant to determine child support modification, and appellant did not waive the defense of lack of personal jurisdiction by failing to object to the registration of the foreign support order in this state.

Reversed.

---

1. We note that our decision does not deprive respondent of a remedy. She still may request the Minnesota court to forward her petition for support to a state with personal jurisdiction over appellant in a "standard" RURESA action. *See Ferguson v. Ferguson,* 411 N.W.2d 238, 240 (Minn.App.1987).