616 So.2d 575 (1993)
David W. FRAZIER, Appellant,
v.
Jane W. FRAZIER, Appellee.
No. 91-04030.
District Court of Appeal of Florida, Second District.
April 2, 1993.
*576 Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellant.
Timothy Condon of Timothy Condon, P.A., Tampa, for appellee.
ALTENBERND, Judge.
David W. Frazier appeals the trial court's order confirming the registration of a Colorado final judgment that was registered as a foreign support order for purposes of part IV of the Revised Uniform Reciprocal Enforcement of Support Act (URESA), sections 88.321-.371, Florida Statutes (1991). We reverse and remand so that Mr. Frazier may have an opportunity to litigate several unresolved objections to the registration.
The Fraziers were divorced in Colorado in 1964. At that time, the parties' primary marital asset was stock in the Frazier-Grossman Corporation, a company exclusively controlled and managed by Mr. Frazier. In the final judgment, the Colorado court awarded the stock of this company entirely to Mr. Frazier and found that Mrs. Frazier was entitled to "substantially greater alimony than would otherwise be awarded" to offset the disparity. The *577 court set the award of permanent alimony at $250 per month, and did not disclose the portion of this amount that offsets the marital asset. In 1965, Mr. Frazier sought a reduction in alimony, which was denied by the Colorado court. Frazier v. Frazier, 164 Colo. 245, 433 P.2d 764 (1967).
The couple had one minor child at the time of their divorce. The Colorado final judgment awarded the wife $100 per month as child support. The judgment does not reflect the child's age, but there are indications in a subsequent Colorado order that the child reached majority in 1974.
In March 1991, approximately twenty-seven years after the entry of the judgment of divorce, Mrs. Frazier filed a verified petition for registration of a foreign support order pursuant to part IV of URESA. § 88.351(c), Fla. Stat. (1991). Her petition states that she lives in Colorado and that Mr. Frazier lives in Tampa, Florida. The petition contains only the verified allegations required by the statute. A copy of the 1964 Colorado judgment is attached. Mrs. Frazier states in her petition that the amount of support remaining unpaid is $148,185.32. Her verified petition neither discloses the method by which this sum is calculated, nor any reason for the lengthy delay in pursuing this indebtedness. The record suggests that the requested unpaid support includes delinquent alimony payments and interest accruing since early 1970.
Section 88.371(2), Florida Statutes (1991), gives the respondent in a part IV registration proceeding twenty-five days to petition the court to vacate the registration or for other relief. Within that period, Mr. Frazier filed a petition to vacate the registration. He maintained that the final judgment was not a "support order" for URESA purposes. He based this argument primarily on a theory that the alimony was actually a property settlement. He also maintained that the claim was barred by the statute of limitations or by laches. Finally, he disputed the accuracy of the amount claimed by Mrs. Frazier as past due alimony, and also claimed that the disputed indebtedness included child support which he had previously provided. The trial court rejected all of these arguments without conducting an evidentiary hearing, and registered the foreign judgment.

I. THE EFFECT OF A CONFIRMED REGISTRATION IN A PART IV PROCEEDING
The registration provision in part IV of URESA appears to be the least utilized portion of the Act. At least in cases in which the foreign support order is recent and contains a specific monetary award, its procedures tend to overlap with the procedures for enforcement of a foreign judgment under section 55.501, Florida Statutes (1991). The effect of the registration, however, is not entirely clear when the foreign judgment does not contain a monetary award for past due support.
The registration and enforcement provisions of URESA have been described in other states as creating a two-prong procedure. Pinner v. Pinner, 33 N.C. App. 204, 234 S.E.2d 633 (1977); In re Davanis v. Davanis, 132 Wis.2d 318, 392 N.W.2d 108 (Ct.App. 1986). Some states have allowed registration of foreign support orders even when the court had no jurisdiction over the respondent, concluding that mere registration had no legal impact upon the respondent or his property within the state. Wilson v. Ransom, 233 Neb. 427, 446 N.W.2d 6 (1989); Gingold v. Gingold, 161 Cal. App.3d 1177, 208 Cal. Rptr. 123 (1984). They conclude that mere registration is a ministerial duty of the clerk under their URESA statutes.
In this case, we do not determine the effect of an uncontested registration. We only consider the effect of an order confirming a contested registration. There is no question that the trial court had jurisdiction over Mr. Frazier. He appeared and raised objections as authorized by the statute. By filing his petition to vacate the registration and by contesting the amount claimed by Mrs. Frazier, Mr. Frazier effectively initiated the enforcement prong of part IV. We conclude that the order denying his petition and confirming the registration had the legal effect of creating a Florida *578 judgment in the amount of $148,185.32. Obviously, a judgment cannot be entered until Mr. Frazier has had an opportunity to litigate any valid objection to the registration.

II. THE COLORADO JUDGMENT IS A URESA SUPPORT ORDER
Mr. Frazier contends that the Colorado judgment is not a true support order because it expressly states that the alimony is, at least in part, a payment in lieu of a property settlement. He relies heavily on State ex rel. Quigley v. Quigley, 463 So.2d 224 (Fla. 1985), a case interpreting the requirements in part III of URESA. In Quigley, the supreme court stated:
In holding that a Florida court may enforce a foreign judgment of alimony under URESA, we do not mean to imply that the extraordinary remedy available under URESA should be extended to all foreign alimony judgments. The issuing state must certify that the alimony judgment is for the support of the spouse. Awards of alimony which constitute part of a property settlement should not be enforced through URESA.[*]
[*] Foreign alimony awards which constitute part of a property settlement must be enforced like any other foreign judgment in Florida. Ch. 84-5, Laws of Fla., provides that foreign judgments may be domesticated by simply recording them in the office of the clerk of the circuit court of any county.
463 So.2d at 227 (emphasis original, footnote included).
Part IV of URESA does not include procedures by which an initiating court certifies the judgment and forwards it to a responding court. Cf. § 88.141, Fla. Stat. (1991) (part III contains procedures for an initiating court and a responding court). Thus, the procedure discussed in Quigley cannot be readily utilized in a part IV proceedings.
URESA provides a broad definition of "support order." A support order is "any judgment, decree or order of support in favor of a petitioner, whether temporary or final or subject to modification, revocation, or remission, regardless of the kind of action or proceeding in which it is entered." § 88.031(19), Fla. Stat. (1991). A "petitioner" is a person to whom a duty of support is owed. § 88.031(9), Fla. Stat. (1991). "A duty of support" includes a duty to pay arrearages, and also includes a duty to pay alimony without accompanying child support. § 88.031(3), Fla. Stat. (1991); Quigley. As a result, it is clear that Mrs. Frazier is a person owed a duty of support and the Colorado judgment providing that support is a "support order."
The difficulty in this case stems from the fact that the final judgment is patently ambiguous concerning the portion of the monetary award which is support and the portion which is a property distribution. The parties never resolved that patent ambiguity in a Colorado court.
In many cases, this problem would not be important. As Quigley observes, the nonsupport aspect of a foreign judgment can be enforced like any other foreign money judgment. In this case, however, the statute of limitations for a legal action concerning a foreign judgment, as compared to an equitable proceeding on a foreign support order, appears to have elapsed. See § 95.11(2), Fla. Stat. (1991). Thus, it is important to determine what portion of the Colorado judgment is entitled to enforcement as a support order under part IV of URESA.
There appears to be at least four alternatives which this court could use to solve this problem. First, we could declare that any obligation designated as alimony in the foreign judgment is conclusively "support" for purposes of part IV. Such an approach would not seem consistent with the rule in Quigley. It would allow a petitioning spouse to have greater rights under part IV than under part III. We see no good reason to make enforcement more favorable under one part than the other.
Second, this court could force the petitioner to file a part III motion in Colorado in order to obtain the certification described in Quigley before registering a judgment under part IV. URESA is intended to assist former spouses in the collection of overdue alimony. We hesitate to create additional procedural roadblocks for *579 the spouse in need if those impediments can be avoided.
Third, we could allow the trial court to take testimony and determine, if possible, the portion of the Colorado judgment that is support and the portion that is a property settlement. This approach has some merit, but it would place a Florida court in the posture of deciding whether, and to what extent, to grant full faith and credit to the Colorado judgment. It would also require the Florida trial judge to consider issues of Colorado law with which the judge would not be familiar. We decline to use this approach.
Finally, this court could permit the trial court to exercise its discretion to confirm registration of the judgment, but to stay further enforcement if the respondent attempts to obtain an order from a Colorado court certifying that a portion of the alimony was not support. By this method, Colorado could decide whether it should look behind the express language of its old judgment to the detriment of Mrs. Frazier, a Colorado resident. This procedure is similar to the stay described in section 88.371(3) for appeals in a foreign state, and would permit the trial court to require adequate security for the payment of the confirmed support order during the foreign proceedings. We conclude that the trial court may use this option on remand if it ultimately confirms the Colorado judgment.

III. THE STATUTE OF LIMITATION AND LACHES
We reject the husband's argument that the claim for alimony and child support is barred by a Florida statute of limitations. As a general rule, proceedings to enforce periodic alimony and child support orders are equitable proceedings that are not barred by a statute of limitations in Florida. Bloom v. Bloom, 414 So.2d 1153 (Fla. 3d DCA 1982); Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979). See also Popper v. Popper, 595 So.2d 100 (Fla. 5th DCA), review denied, 602 So.2d 942 (Fla. 1992). In light of the purpose and intent of URESA, we see no reason to apply a legal statute of limitations to either a part III or a part IV URESA proceeding to collect delinquent periodic alimony. Wood v. Hunter, 504 So.2d 553 (Fla. 4th DCA 1987).
Although section 95.11(6), Florida Statutes (1991), allows laches to bar any equitable action that is not commenced within the time provided for "legal actions concerning the same subject," the courts have not applied this statute to bar claims for periodic alimony or child support. Implicitly, the courts have decided that periodic alimony and child support do not have a legal counterpart for purposes of statutory laches. See Popper.
In Winland v. Winland, 416 So.2d 520 (Fla. 2d DCA 1982), this court applied section 95.11(2)(a) to bar a claim for support on an old Ohio order. In that case, however, the divorce was obtained and a final judgment entered in Florida subsequent to the Ohio order. The proceeding was not a URESA proceeding to register a foreign support order, but apparently was an action to domesticate a foreign judgment. We decline to apply the Winland reasoning in a part IV URESA action. See Wood.
We recognize that laches may still defeat this type of equitable action if there is a factual basis, other than simple delay in enforcement, which would bar the action. The husband's petition to vacate alleged laches. He was entitled to raise any defenses that he would have had "in an action to enforce a foreign money judgment and matters concerning a substantial change in the circumstances of the parties relating to the obligations of support." § 88.371(3), Fla. Stat. (1991). The husband's objection could have been stated with greater factual specificity, but it was not stricken as legally insufficient. We conclude that the trial court erred in denying the objection without giving Mr. Frazier an opportunity to prove his defense of laches.

IV. THE DISPUTED ARREARAGES
We also conclude that Mr. Frazier was entitled to an evidentiary hearing before the trial court confirmed the registration of the Colorado judgment as an obligation to pay $148,185.32. In light of our *580 decision that an order of confirmation is essentially a Florida judgment for arrearages in this case, due process requires that Mr. Frazier be afforded an evidentiary hearing on the disputed factual issues relating to the amount of unpaid alimony and child support.

V. CONCLUSION
Accordingly, we reverse the order confirming the registration of the Colorado order. On remand, the trial court shall conduct an evidentiary hearing to determine the issues of disputed fact. In regard to the support arrearages, any order confirming the contested Colorado support order shall include language comparable to a judgment for arrearages. The trial court has discretion to stay execution upon that judgment if the husband files a Colorado proceeding to establish that the foreign judgment is, in whole or part, not a certifiable support order.
Reversed and remanded for further proceedings.
SCHOONOVER, A.C.J., and PARKER, J., concur.